Pee, CueiaM.
It appears that the appellant was indicted in the County Court of Franklin; and the indictment charged that the appellant, on the 6th of February, 1817, at, &c.., in, &c., with force and arms, an assault did make on the body of Michael Spencer, and then did beat, bruise, and ill-treat the said Michael, and then and there did bite and disable the little finger of the right hand of him, the said Michael, with intent to maim and disfigure the said Michael, contrary to the act of Assembly in such case made and provided, and against the peace and, dignity of the State. To this indictment the defendant pleaded not guilty. There was a verdict and judgment in the County Court, and appeal to the Circuit Court of Franklin. And upon a trial in August term thereof, the jury found the defendant guilty of an assault and battery, and assess a fine of $51, and they find him not guilty of the remaining charges in the indictment. In arrest of judgment the following reasons were assigned: first, the indictment is insufficient, because it charges the defendant with two offenses; secondly, it is not a good indictment on the statute of stabbing, and cannot be one at common law; which being argued and overruled, judgment was rendered *489 against the defendant, from which he prayed a writ of error to this court, and general errors are assigned. This cause being called in court, it was stated at the bar, that no counsel appearing on either side, and the appellant not appearing, the cause perhaps might be disposed of under the rule for discontinuances (No. 26), which states, “that when any cause is called for discussion or hearing, if* neither party shall appear in person or by attorney, such cause shall be discontinued.” The court said, No ; this rules applies only to civil cases; and ordered the appellant to be called upon his recognizance, who appearing in court, the cause was taken up and decided.
And by the court we are of opinion there is no error in the record. The jury have found the appellant guilty of an assault and battery. This is an offense at the common law, and judgment may be given thereon as for an offense at common law, though the indictment concluded contrary to the act of Assembly, &c. 2 H. P. C. 857; S. 116. Vide 2 McNally, 493, 494; Doug. 445; 5 Term, 165, 167.
See King’s Digest, 4200, 4952.