By the Court. Bosworth, J.
At the conclusion of the testimony a nonsuit was moved on two grounds. The case states, the judge “ ruled in favor of the grounds taken by the counsel for said defendants, and directed a nonsuit to be entered against the plaintiff, to which ruling and decision the counsel for the plaintiff then and there excepted.”
If either ground was sufficient to justify the nonsuit, the judgment must be affirmed.
A nonsuit was moved on the ground, 1st—“ That there was not sufficient evidence to go to the jury, that the superintendent, Sloat, was authorized by the defendants, as their agent, to employ the plaintiff for the services performed by him.”
The answer denies that the defendants ever did, at any time, authorize the said Sloat to employ any person or persons, as physician, or otherwise, to render services to said Peter Peteniat, as alleged in said complaint.
The title of the office held by Sloat is “ Superintendent.” The only evidence of the nature and extent of his powers is *347 such as the title of his office implies, and that furnished by his own testimony. There is no evidence, that he ever made any other contract of a like character.
He testified that everything connected “ with the running of the road” was under his supervision and control. That he had no direction over the treasury, and had no share in the direction of the company’s affairs. He pays money to drivers, conductors, and other persons employed by him for the company, connected with his business as superintendent.
The only inference deducible from his description of his powers is, that they relate solely to making provision that trains are run as prescribed by the company, that means and men are supplied for the purpose, and other things are provided, which are essential or proper to effectuate this general result. His description of his powers, or of the business which he transacts, does not justify the inference that he is authorized, by his office, to arrange and liquidate claims made against the company for the negligence of its servants in running its trains, or to contract with third persons, as its agent, to repair or remedy the consequences of such negligence.
There is nothing in the evidence to justify the application of the principle that whether authorized or not, yet the plaintiff had a right to infer and act on the inference, that judged by his own acts and those of his principal, he possessed such authority.
This case differs, in its essential facts, from that of Perkins v. Washington Ins. Co., 4 Cowen, 645. In this case, there is no evidence that the superintendent was ever authorized to employ, as agent of the company, in any event, or upon any contingency, a physician to attend upon persons injured by the running of the company’s cars, or that they ever ratified, or knew of any such contract made by him.
In Perkins v. The Washington Ins. Co., Russell, who advertised himself as the agent of the company for the city of Savannah, was authorized to agree to make insurances, to receive and remit the premiums, and if the company actually received the money, and the rates charged were such as they had prescribed, and the terms of the agreement corresponded with their regulations, they agreed to furnish a policy which should be operative from the time of the payment of the premium to *348 Russell. Prior to the transaction between himself and Perkins, he had agreed to insure for a number of individuals, had received the premiums and transmitted them to the defendants, and in every instance except one, the company had issued policies bearing date at the time the receipt was given by Russell for the insurance. Perkins had paid to Russell the highest rate of insurance, had tendered the amount to the company, and there was no ground on which they could exempt themselves from giving a policy, except the arbitrary one, that they did not choose to do so.
In Lightbody v. The North American Insurance Company, 23 Wend. 18, Wayner was expressly authorized to unsure. He was furnished with blank policies executed by the officers of the company, really to be delivered to anyone who might wish to contract, after his name, the subject insured, the extent of the risk, and the date of the transaction, had been inserted in the contract. As to all persons, ignorant that his appointment restricted him in the exercise of his agency to a specific locality, . he was a general agent, with unlimited authority. • The plaintiff had no notice that he was restricted in the exercise of his powers to a defined territory.
In the case at bar, there is no eyidence that Sloat was ever authorized to make, on any contingency, such a contract as the plaintiff alleges was made with him, or that, with the exception of this instance, he ever made such a contract, or represented himself authorized to make one of such a character.
It is urged that the emergency of the case and the benefit resulting to the defendants from the employment, justified the act of Sloan in employing the plaintiff, and that having been done in good faith it is binding on the defendants.
We cannot assent to this proposition. Ho emergency arose, which but for this employment would have interrupted or prevented the running of defendants’ cars. If the injury was not caused by the negligence of its servants, contracting to pay for expenses to which they could not be subjected by law, would be no benefit to the company. If caused by such negligence this employment would not exonerate them from any liability, which would otherwise have attached. The principle sought to be invoked has no application to the facts of this case.
*349 We are of the opinion, that the nonsuit was properly granted on the first ground on which it was moved, and that the judgment appealed from should be affirmed.