BENJAMIN F. MUDGETT .v. THE BAY STATE STEAMBOAT COMPANY.

The plaintiff having taken passage on defendant's steamboat, deposited his valise, containing wearing apparel, in a stateroom, the key of which was handed to him at the time of paying his passage. During his temporary absence from the stateroom, the door of which was locked, the valise was stolen,—*Held*, that the defendants were liable.

The liability of a common carrier is like that of an innkeeper, and it is no excuse for the latter to say that he delivered the guest the key of the chamber in which he lodged.

A mere supervision of one's baggage, or the means of entering the place of its deposit, is not sufficient to discharge the carrier. There must either exist the *animo custodiendi* on the part of the traveller to the exclusion of the carrier, or he must be guilty of such negligence as discharges the latter from his general obligation. [*Cohen v. Frost*, 2 Duer, 341, criticised.]

Mudgett v. The Bay State Steamboat Company.

APPEAL by the defendants from a judgment of the First District Court.

The plaintiff sued to recover the value of a valise, which he, as a passenger upon the defendants' steamboat, running from New York to Fall River, had deposited in his stateroom. The plaintiff testified that he took stateroom No. 9, and paid for the same; that he had a valise with him, containing some clothing and other articles, which he took into the stateroom with him. A key was furnished him by the clerk of the boat. He locked his stateroom and went down to the saloon; in his absence the valise was taken from the stateroom.

The defence was, that the luggage was not delivered by the plaintiff to the defendants, who had a regular baggage master to receive and care for the luggage; and consequently they were not liable.

The justice gave judgment for the plaintiff, and the defendants appealed to this court.

*D. D. Lord*, for appellants.

I. To constitute delivery, the luggage must be given into carrier's charge, so that he has notice of intention to hold him responsible, and he may have possession, so as to enable him to fulfill his duties. *Buckmaster* v. *Levy*, 3 Camp. 404; *Selway* v. *Holloway*, 1 Ld. Raym. 46; *Tower* v. *U. & S. R. R. Co.* 7 Hill, 47. Where a guest leaves luggage in his room in an inn, and takes the key for the purpose of taking care of it himself, the innkeeper is not liable. *Burgess* v. *Clements*, 4 M. & S. 306. So where plaintiff, instead of giving parcel to the driver, put it into his own bag. *Mills* v. *Cattle*, 6 Bing. 743. So where owner was to go with cart. *Brind* v. *Pale*, 8 Carr. & P. 207. In the last two cases, goods were in the carrier's possession; but there was no recovery, because the carriers were not trusted. So where passenger put money into his trunk instead of giving it to captain. *Orange Co. Bank* v. *Brown*, 9 Wend. 85.

II. No question of delivery is raised by the case. The baggage was put on the boat, from which it was taken. *Robinson* v. *Dunmore* (2 Bos. & P. 416), is not in point for

plaintiff. That was not a question of common carrier, but of a cartman who especially engaged to carry goods, and, on objection to insufficiency of his tarpaulin, warranted that goods should go safely. Plaintiff sent his servant with goods, because defendant was a stranger, and the servant paid for watching them one night. The goods being stolen, the carrier was held liable on special agreement and warranty.

III. But the question at bar is, whether there was or was not delivery to carrier. Cayle's case (8 Co. 33), is not in point, because baggage in a room, at an inn, is delivered to the inn-keeper, but not so plaintiff's baggage.

*Benj. F. Mudgett* (Northrop & Mudgett), for respondents.

By the Court.—Brady, J.—The defendants in this case claim exemption from liability, on the ground that the plaintiff's valise was never placed in their custody. The liability of a carrier is like that of an inkeeper. *Hollister* v. *Nolan*, 19 Wend. 236 ; *Cohen* v. *Frost*, 2 Duer, 341 ; and it was declared in *Cayle's Case*, 8 Co. 32, that it is no excuse for the inn-keeper to say that he delivered the guest the key of his chamber in which he lodged, and that he left the door open, but he ought to keep the goods and chattels of his guest there in safety. This doctrine has frequently been recognized and approved, (*Burgess* v. *Clements*, 4 M. & Sel. 310 ; *Hollister* v. *Nolan, supra,*) and cannot be questioned, as resting on acknowledged just and reasonable duties and obligations. A distinction is admitted to exist where the traveller assumes the charge of his goods *animo custodiendi*, and the jury on the facts disclosed, find such intention to have existed. *Burgess* v. *Clements, supra ; Tower* v. *Utica & Schen. R. R. Co.* 7 Hill, 47. The innkeeper would then be excused. The mere act, however, of taking the key of the room in which the guest lodged, his goods having been placed therein, would not discharge the innkeeper.

The only case which seems to be in conflict with the rule here suggested is *Cohen* v. *Frost, supra.* In that case, the plaintiff, who was a passenger on a sea voyage, took his trunk into the steerage and tied it with ropes to his berth. During a violent storm the ropes were cut, and the trunk stolen. The

plaintiff had a verdict, but the general term set it aside, on the ground that the trunk had never been delivered to the defendants, the defendants' possession being exclusive. The Court say, in delivering the opinion, that the case is not to be distinguished from that of a guest at an inn, who, when he takes his luggage to his own chamber, of which he keeps the key, discharges the innkeeper, and this is declared to be the law, on the authority of *Burgess* v. *Clements*. The learned judge who delivered the opinion in *Cohen* v. *Frost*, must have confounded *Burgess* v. *Clements* with some other case, because the King's Bench did not declare any such rule. The plaintiff was defeated because his goods were not received *causa hospitandi*. He had asked for, and obtained a room in which to show his merchandise for sale, not as a guest, but as a vendor, and his property was, under the circumstances, held not to have been within the rule which required the innkeeper to protect it. The opinion, therefore, in *Cohen* v. *Frost*, is not sustained by the authority on which it is based, so far as it relates to the legal effect of the innkeeper's giving the key to his guest; and the general doctrine which seems to be declared by it, that a traveller on a sea voyage must place his luggage in the special charge of the officers of the ship, is disclaimed, in effect, in *Van Horn* v. *Kermit*, 4 E. D. Smith, 453; the reasons assigned why a contrary rule should prevail are well settled.

So far as the adjudications which bear upon this question have been discovered, they sustain the rule that a mere supervision of one's baggage, or the means of entering the place of its deposit, is not sufficient to discharge the carrier. There must either exist, the *animo custodiendi* on the part of the traveller, to the exclusion of the carrier, or he must be guilty of such negligence as discharges the latter from his general obligation. *Robinson* v. *Dunsmore*, 2 B. & P. 416. *Burgess* v. *Clements*, supra; *Tower* v. *Utica & Schen. R. R. Co.* supra; *East India Com.* v. *Pullen*, 1 Strange Rep. 694.

It was not pretended in this case that the plaintiff was guilty of negligence, and so far as it may be necessary to consider the question whether the plaintiff retained the custody of his valise or not, it is only necessary to say that the finding of the justice is against the defendants upon that issue. I do

erm set it aside, on the
delivered to the defen-
exclusive. The Court
ase is not to be distin-
vho, when he takes his
he keeps the key, dis-
red to be the law, on
he learned judge who
must have confounded
se, because the King's
. The plaintiff was
eceived *causa hospi-*
a room in which to
uest, but as a vendor,
istances, held not to
red the innkeeper to
*ohen* v. *Frost,* is not
based, so far as it re-
giving the key to his
seems to be declared
st place his luggage
e ship, is disclaimed,
D. Smith, 453; the
uld prevail are well

upon this question
e that a mere super-
ntering the place of
the carrier. There
the part of the tra-
e must be guilty of
om his general obli-
. 416. *Burgess* v.
. *R. R. Co. supra* ;
. 694.

the plaintiff was
e necessary to con-
etained the custody
say that the finding
n that issue. I do

not understand upon what process of reasoning it can be main-
tained that giving the key of a room on board of a vessel to a
traveller, in which he is permitted to deposit his baggage, is
not in fact, an assumption of the possession of all that is there-
in placed. The whole vessel is in the possession, and subject
to the control of the owners. The custody of the vessel, and
the general government of the room given the traveller, con-
tinues with them. The use of it is a convenience for which
the traveller pays, and if its employment absolves the carrier
from vigilance, the security of property succumbs to the ease
or pleasure of the journey. Such cannot be the law. The de-
fendants can protect themselves if they wish, by notifying
their patrons that no goods can be placed in the stateroom
hired, except at the risk of the owner, and thus advise them
of the consequences of the act. But as long as they permit a
traveller thus to deposit his baggage without notice, the mere
circumstance of his taking a key will not be considered suffi-
cient to relieve them from their duty to protect him against
theft.

The judgment should be affirmed.