Peter Mowers and John D. Eggnor v. Daniel Fethers.

(General Term, Third Department, November, 1871.)

Plaintiffs, being the owners of a stallion, agreed with defendant, an innkeeper, that he should be at his inn for a certain number of days in each week, during a certain season, in charge of one of the plaintiffs. Plaintiffs were to have the choice of one of two stalls in the wagon-house of the inn for his accommodation. The price of oats and meals was fixed at a lower rate than customary, but there was no agreement as to the price for lodging, hay or use of stall. Pursuant to this agreement, one of the plaintiffs took the horse to the defendant's inn, and lodged and took his meals there on the days agreed upon, kept the horse in a stall provided, under his own lock and key, and took care of him, fed and groomed him, and the wagon, harness, &c., of plaintiffs were kept in the wagon-house.

Held, that the relation of innkeeper and guest existed between plaintiffs and defendant, and that the defendant was, therefore, liable to plaintiffs for loss, by accidental fire in the wagon-house, of the horse, wagon and other property of plaintiffs, while there in pursuance of such agreement. Washburn v. Jones (14 Barb., 193), approved and followed.

Mowers *v.* Fethers.

EXCEPTIONS ordered to be first heard at General Term.

The action was brought to recover damages against the defendant as an innkeeper for the loss of a stallion, &c., while one of the plaintiffs was stopping at the defendant's inn in the town of Sharon, Schoharie county. The cause was tried at the Schoharie Circuit in April, 1868, before the Hon. CHARLES R. INGALLS and a jury. The facts, so far as material, are stated in the opinion.

The court ruled and decided that the plaintiffs were entitled to recover as a matter of a law on the proofs given, and the defendant's counsel excepted.

The court also decided that the relation of innkeeper and guest existed between the defendant and the plaintiffs at the time of the loss, and that the plaintiffs were entitled to recover the value of the property, to which rulings exceptions were also taken.

The court declined to rule that, under the agreement and facts proved in the case, the plaintiffs could not recover, unless there had been negligence, &c.; or that the plaintiff was not a guest, but a boarder; and also declined to submit to the jury the question whether the plaintiff, Eggnor, was at the inn under the peculiar circumstances, &c., claimed by the defendant, and to charge that if he was, the relation of innkeeper and guest did not exist; and to submit the question of negligence, and to charge that if none had been shown, that the plaintiff could not recover; and to submit any question but that of value. The defendant excepted separately to each of the rulings.

The jury found the value of the property lost to be $615, and the defendants' exceptions were ordered to be first heard at the General Term and judgment suspended.

*J. E. Dewey,* for the defendant.

*N. C. Moak,* for the plaintiff.

Present—MILLER, P. J.; PARKER and DANIELS, JJ.

By the Court—MILLER, P. J.  It appeared upon the trial of this action that, in the spring of 1865, the plaintiffs were the owners of a stallion, which, by an arrangement between them and the defendant, was to be at defendant's hotel, in charge of one of the plaintiffs, for two days in the week during the season, which usually commenced on the first day of May and closed about the fifth day of July.  By the agreement between the parties the plaintiffs were to have the choice of the box stalls in the wagon-house adjoining the barn.  The price of meals and of the oats were fixed at less than the customary rate of charges, but there was no agreement as to the price for lodging, hay or for the use of the stall.  The defendant had made no charge for the bedding of the horse or the use of the stall, but it does not distinctly appear that he did not intend to charge for them.  The plaintiff Eggnor took the horse to the defendant's inn; lodged and took his meals at the inn upon the days agreed upon; kept the horse in the stall provided, under lock and key of his own; took care of, fed and groomed him.  The harness, bridle, whip and wagon were kept in the wagon-house, sometimes in one place and sometimes in another.

About the middle of June, in the night time, the barn and wagon-house were discovered to be in flames, and the fire had made such progress that it could not be subdued.  They were destroyed by the fire, together with the horse, wagon and some other articles belonging to the plaintiffs.

The rule is well settled that an innkeeper is liable as an insurer of property committed to his custody by a guest, unless the loss be due to the culpable negligence or fraud of the guest, or to the act of God or the public enemy, and that he is liable for the horses of his guest when accidentally burned.  (*Hulet* v. *Swift*, 33 N. Y., 571.)

The question to be determined in this case is, whether the plaintiff Eggnor, at the time the horse and other property were destroyed, was at the defendant's inn as a guest.  I am inclined to think that Eggnor was a guest, and that the facts and circumstances do not show that he was merely a boarder,

Mowers *v.* Fethers.

and thus the defendant was exonerated from responsibility. Some of the authorities hold that where there is a stipulated contract as to time, price, &c., the party is a boarder, but when he is at the inn without any bargain he is a guest. (1 Par. on Con., 628; *Thompson* v. *Lacy,* 3 Barn. & Ald., 283; *Parkharst* v. *Foster,* 1 Salk., 387; *Dausey* v. *Rich,* 2 Ellis & Bl., 144; *King* v. *Ives,* 7 C. & P., 213; *Winter-mute* v. *Clark,* 5 Sandf., 247; *Cromwell* v. *Stevens,* 3 Abb., N. S., 34; *Stewart* v. *McReady,* 24 How., 62; *Bennett* v. *Ditson,* 5 Term, 273; *Manning* v. *Wells,* 9 Thomp., 746.) A careful examination of the cases cited evinces that the contract was entire, covering the whole case; while, in the case at bar, the agreement only embraced a portion of the accommodations to be furnished by the defendant, and which the plaintiff, Eggnor, actually had. The meals and the oats only were provided for, while the rest remained to be determined upon a mere question of value. It was not enough that the price for the meals and the oats was agreed upon, for fixing a price per day for a sojourner at an inn does not make him a boarder, or anything but a guest. (*Pinkerton* v. *Wood-ward,* 33 Cal., 557; *Berkshire Woolen Co.* v. *Proctor,* 7 Cush., 417; *Norcross* v. *Norcross,* 53 Maine, 169; *Parker* v. *Flint,* 12 Mod., 255.)

Nor does the fact that Eggnor, one of the plaintiffs, was to take care of the horse make him any the less a guest. In *Seymour* v. *Cook* (53 Barb., 451; 35 How., 180), the guest led the horses out of the stable, when one of them was kicked and injured, and it was held that the innkeeper was liable. The same principle has been applied to actions brought against common carriers for the loss of or injury to property. (*Mal-lory* v. *Tioga R. R. Co.,* 39 Barb., 488; *Mudgett* v. *Bay State,* 1 Daly, 151; *Cayle* v. *Case,* 8 Coke, 32, 33 a.)

Nor is it important how often Eggnor came there, or whether he came regularly. (Bac. Ab., tit. Ins. Co., 5.) The length of time is not material. (5 Tenn., 273; 5 Barb., 563; *Allen* v. *Smith,* 12 C. B. [N. S.], 104; Eng. C. L., 630; *Walling* v. *Potter,* 9 Am. L. Reg. [N. S.], 618.) The pur-

pose for which the horse was used is also of no consequence. (33 Cal., *supra*, 602; 7 Cush., *supra*, 423.)

The case at bar is similar, in most of its leading features, to that of *Washburn* v. *Jones* (14 Barb., 193), where it was held that the innkeeper was liable for an injury to a horse. It is true no price was agreed upon for the meals or the oats, but as we have seen, according to the authorities, this makes no difference; I think the case last cited is decisive of the one now considered, and directly in point.

I am also of the opinion that there is no question 'that an innkeeper is liable for the loss of this kind of property belonging to a guest, as is held in some of the cases already cited; and it does not change the defendant's liability because Eggnor furnished his own lock and key while there, any more than it would if the guest had the key of his own room, or a passenger on a steamboat the key of his own state room.

There is no question as to the admission or rejection of evidence in the case which requires examination.

The judge was clearly right in the various rulings made at the close of the evidence, and in submitting the question of damages to the jury. A new trial is denied, and judgment must be ordered for the plaintiff on the verdict, with costs.