JOHN R. COOPER, APPELLANT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, RESPONDENT.

*Physician — services rendered by, to an injured employe — liability of company for — Evidence.*

An employe of the defendant having been injured, one Scanlon, an engineer of a gravel train, telegraphed to Martin, the station-agent at Poughkeepsie, to "have Dr. Cooper [plaintiff] at depot, on arrival of No. 1 — a man injured." Martin handed the telegram to a hackman, with directions to give it to plaintiff. No other communication was shown between Martin or Scanlon and the plaintiff, nor was it shown that either of them had ever undertaken to employ the plaintiff on behalf of the company on any previous occasion. In an action by the plaintiff against the company to recover for services rendered to the employe, *held*, that he was properly nonsuited, on the ground that no employment by the company was shown.

Plaintiff offered to prove that he had previously attended persons injured on the defendant's road, and been paid therefor by the company, but did not offer to show that, in such cases, he had been employed by either Scanlon or Martin. *Held*, that the evidence was properly rejected.

APPEAL from a judgment in favor of the defendant, entered upon an order nonsuiting the plaintiff, in an action brought to recover for services rendered by the plaintiff as a physician, to a person injured on defendant's road. Among other exceptions taken on the trial, was one by plaintiff, to the exclusion of the following question:

Q. Upon how many previous occasions had you attended parties injured on the road of this defendant's company, when your services were paid for by a check of the company?

*Anthony & Losey*, for the appellant.

*Frank Loomis*, for the respondent.

TALCOTT, J.:

The plaintiff is a physician and surgeon, and brought this suit to recover against the defendant, for professional services rendered to one Richard Haley, who had been in the employment of the

defendant, and in the course of such employment was in some way injured, so that amputation of one of Haley's legs became necessary, and was performed. The defendant denies the employment by it to render the services, for which compensation is sought in the action. No facts appear in the case, from which it is to be inferred, that the defendant was in any way liable to indemnify Haley against the consequences of the injury which he had sustained. The evidence relied on by the plaintiff, to establish the liability of the defendant to pay for the services in question, was a telegraphic dispatch sent by one J. Scanlon, an engineer of a gravel train upon the defendant's road, to J. Martin, a station agent at Poughkeepsie, in the employ of the defendant. The dispatch in question is not set forth in the case, but is given in the points of the plaintiff, and was as follows:

"June 6. J. Martin. Have Mr. Cooper at depot on arrival of No. 1; a man hurt.

"J. SCANLON."

This dispatch was received by Martin at the station at Poughkeepsie, and he handed it to a hackman, with directions to take the same to the plaintiff, who received it. There was no evidence given of any communication between Scanlon or Martin and the plaintiff, save the dispatch in question. Both Scanlon and Martin were examined on behalf of the plaintiff, and neither claimed to be authorized, on behalf of the company, to employ a physician in any case. The plaintiff sought to prove, that he had before this time, attended persons injured on the defendant's road, and was paid by the check of the company, for such services, but did not offer to prove, that in such cases he had been employed either by Scanlon or Martin. The evidence was rejected, upon the objection that it was incompetent to show in this manner any authority on the part of Scanlon or Martin to employ the plaintiff. He also was asked to state, whether, he had been called upon by Martin to perform professional services for a party injured on defendant's road, without offering to show that in such case Martin had undertaken to employ the plaintiff in behalf of the defendant, or that the defendant had paid the bill, or in any way ratified or authorized the employment.

At this period of the trial the dispatch had not been given in evidence, or any evidence offered, to show any communication, direct or indirect, between Martin and the plaintiff. This question was objected to, and the objection was sustained until Martin was shown to be in some way connected with the transaction. Martin was afterward called as a witness for the plaintiff, and from his testimony it did not appear, that he had any communication with the plaintiff in reference to the matter, directly or indirectly, except to send to him, by a hackman or other casual messenger, the dispatch which he had received from Scanlon. The plaintiff was non-suited for want of proof tending to show that the defendant was liable. It is said in Redfield on Railways (2 Redfield on Railways, 114), that evidence that the company had ratified similar contracts, made by this same agent, might be evidence tending to show that they had given this particular servant authority to make such or similar contracts; but not that they had given authority to all their servants to do so. The questions proposed by the defendant and rejected, were not admissible even within this rule. There was no offer, to show, that the defendant had ever ratified any contract, undertaken to be made by Martin in respect to the employment of a physician. The nature of the office he held does not call for any intendment, that to make such a contract was within the scope of his powers; nor did it in any way appear that he had ever undertaken to employ the plaintiff in behalf of the company. (See *Stephenson* v. *N. Y. and Harlem R. R. Co.*, 2 Duer, 341; *Cox* v. *Midland Counties Railway*, 3 Exch. [Welsby, Hurlstone & Gordon], 268.)

We think the exceptions taken by the plaintiff to the exclusion of his questions are not sustainable, and that the nonsuit was correct.

The judgment appealed from is affirmed.

Present — TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.