New York Marine Court.

*Trial Term—April*, 1880.

AUGUSTUS H. LEVY *against* REMSEN APPLEBY.
JULIUS LEVY *against* THE SAME.

Liability of bathing-house manager for valuables intrusted to his charge by bathers.

Trial by the court without a jury.

On the 5th day of August, 1879, the plaintiffs in the above actions went to the swimming baths managed by the defendant at Seventh avenue and Fifty-ninth street, in the city of New York. They paid a sub-scription of five dollars for learning to swim, and an additional fee of twenty-five cents every time they enjoyed the comforts of the bath. In accordance with the rules of the establishment, they delivered their valuables to the clerk, who required them to write their names upon a slip of paper, and this, with the property, was deposited in a small box, which was locked and the key given to the plaintiffs. Augustus Levy deposited a gold watch worth $150, and a pocket-book containing $8; Julius Levy (the uncle of Augustus) deposited a gold watch, chain, charms and locket, worth $210, and a pocket-book containing $10. Upon their return from the bath they handed the key to the clerk and made a request for the property deposited. The clerk, on turning to the box, said their property must have been taken by some other person. The various boxes were then searched, but the missing property was not found. How or by whose agency it disappeared is not disclosed. The plaintiffs bring these actions to recover the value thereof, and the

defendant contends that he was only a gratuitous bailee, and as such liable only for ordinary care, and this he claims to have exercised.

*R. S. Newcombe*, for plaintiffs.

*Isaac L. Egbert*, for defendant.

McADAM, J.—Where a bathing-house manager, to induce the public to patronize his establishment, agrees to furnish a safe place for the valuables of bathers, he becomes a bailee for hire, and must, if he claim exemption in case of loss, prove satisfactorily, by competent evidence, that it occurred by force of circumstances beyond his control, notwithstanding the exercise of every reasonable precaution which the nature of the trust required him to take (see Arent *v.* Squire, 1 *Daly,* 347). The onus is cast upon him to explain the manner in which the loss occurred, as it is to be assumed that the one who had the control and custody of the property is better able to account for its loss than the one who confided it to his keeping (Arent *v.* Squire, *supra;* Collins *v.* Bennett, 46 *N. Y.* 490).

In Claflin *v.* Meyer (75 *N. Y.* 260) the court held that if the plaintiff prove a demand and refusal to deliver property stored, this, unexplained, is *prima facie* evidence of negligence ; but if it appear that the goods have been lost by theft, the plaintiff must show that the loss arose from the negligence of the defendant. The deposit in the present case was with the defendant but a short time, during which nothing unusual occurred about his establishment. No burglary was committed, nor was any property but the plaintiffs' taken. In Claflin *v.* Meyer (*supra*) it was conceded that a burglary had been committed, and this fact shifted the onus of proving negligence upon the plaintiff. There being no proof of any burglary in the present case, the presumption of negligence falls upon the

defendant. The deposit with the defendant was to continue while the plaintiffs were in the bath, a period when, in the nature of things, the plaintiffs could exercise no care over their property. The manifest object of the deposit was to guard against this apparent danger. The defendant was therefore charged with the safe keeping of the valuables deposited with him, and was bound to establish and maintain every reasonable regulation necessary to prevent their loss. The nature of the bailment required this, and the plaintiffs had every reason to expect a redelivery of their property upon their return from the bath. The defendant required the plaintiffs to sign their names upon a slip of paper, which was put in the drawer with their property. This was intended to prevent any one getting the contents of the box without going through the same formality, and this test was to enable the defendant, by a comparison of the handwriting, to determine whether the applicants for the property were the same persons who made the deposit. This would have been a wise precautionary measure if it had been practically carried out, but the defendant has not shown that he applied this test to the persons who took the plaintiffs' property. The main difficulty with the defense is that it fails to show intelligently how the plaintiffs' property disappeared, and leaves the cause of loss clouded in mystery. The exercise of proper care ought to and would have enabled the defendant to point to the true cause of the loss, and then the court could have intelligently determined whether or not it was one which, in law, exempted the defendant from liability.

The fact that the key of the box was given to the plaintiffs at the time of the deposit does not relieve the defendant (Mudgett v. Bay State Steamboat Co., 1 Daly, 151), nor would the delivery of the valuables to any person other than one of the plaintiffs discharge his liability (49 N. Y. 192; 45 Id. 34; 37 How. Pr. 438;

42 *Id.* 378 ; 13 *Abb. Pr. N. S.* 276). The defendant has, therefore, failed to establish the facts necessary to excuse him from the duty of returning the property intrusted to his care, and is, in consequence, liable to the plaintiffs for the value thereof, as established by the evidence.

Note.—An appeal from this judgment was dismissed, and the judgment affirmed.