By the Court.
Oakley, Ch. J.
In order to charge the defendant as an innkeeper, it was not necessary to prove that it was only for the reception of travellers that his house was *247 kept open. It was sufficient to prove that all who came were received as guests, without any previous agreement as to the duration of their stay or the terms of, their entertainment, and such was the proof actually given. There may be a distinction between the liability of the keeper of an inn and of a mere boarding-house, where transient persons are not received at all, and none are received but for a certain time and upon certain terms. But it is not pretended that' the defendant’s house was a mere boarding-house. It was a public house of entertainment for all who chose to visit it, which is the true definition of an inn.
It is plain, however, that the liability of an innkeeper, as such, in any particular case, continues no longer than the continuance of the relation between him and the guest. That relation ceases, when the guest pays his bill and leaves the house,, with the declared intention of not returning. In such a case it is at his own peril, we apprehend, that he leaves his baggage or other property behind him. The innkeeper has a right to believe that he has taken it with him, and is, therefore, no longer responsible for its safe keeping, unless it is specially committed to his charge ; and then, only, as an ordinary bailee. His common law liability is at an end.
Whether young Wintermute, in the case before us, had not ceased to be the guest of the defendant, before the trunk was lost, and, consequently, whether the liability of the defendant for its safe keeping, had not then ceased, was a question that directly arose upon the evidence, and which, therefore, as the turning question in the cause, ought to have been submitted to the jury. That it was, in fact, submitted, is not asserted, and the charge of the judge, as stated in the case, clearly shows that it was not. To repair this omission, a new trial must be granted, and an opportunity thus be given to the defendant, of obtaining the verdict, to which, under a proper direction, a jury may think him entitled.
It has occurred to us, that there is a difficulty in the way of the plaintiff’s recovery, which, it is proper, should be stated, for the consideration of the counsel. It seems to have been conceded, upon the trial, that as Wintermute, the son, was a minor, the property in the trunk, and its contents, was vested in the *248 father,-in whose name,-therefore,-this suit wasproperly brought, ■ but, whether this concession' was necessary to have- made/We 'think, may bé- seriously- doubted. The'son whsnoTbnger a member of his' father’s family, but had left- his home With the intention of providing for his own support; and whether, under these circumstances, the father continued to be the owner of the’ wearing apparel, and Other articles; which the son' had been permitted" to take With him, for his own- exclusive'use,-is a question, that may' deserve to bé considered.-
Duer, J.
The grounds of the charge, which I gave to the jury, were, that, under the pleadings,-the defendant wgs bound to prove, affirmatively1,- the- redelivery df the trunk,- and that' the requisite proof of this fact, had' not been given: I am U'oW satisfied,-that there was evidence, from Which, the jury, if they credited'the defendant’s Witness, would have been-warranted'to infer the fact of a redélivery, and consequently, that'the question ought' to have been submitted t'o the jury. If is upon' this ground; that 1 concur in granting a tiew trial.
The difficulty,-which the Chief Justice has suggested, as to the right of the plaintiff, to maintain this action, I am inclined to think-, will not be overcome,- unless, .upon' the next trial, further and mofe satisfactory evidence- of the ownership of the father shall be given. As the- case stands,-the prestimption; it seems' to me, is" against his title:
Judgment reversed: and' new trial granted', with costs to abide the évent.