FERRAL C. DININNY, Appellant, *v.* THE NEW YORK AND NEW
HAVEN RAILROAD COMPANY, Respondent.

The responsibility of a railroad company as a common carrier, for baggage,
continues until the owner has a reasonable time and opportunity to
remove it.   In order to relieve itself from this liability it is its duty to
have a baggage-master at hand to deliver baggage for a reasonable time
after the arrival of a train, and at reasonable hours thereafter.

The wife of plaintiff was a passenger upon defendant's road from New
York to Mt. Vernon ; immediately upon the arrival of the train the bag-
gage-master placed her trunk in the depot and went away.  She waited
fifteen minutes to get the trunk, but could find no one to deliver it.
About three hours after, plaintiff's son went to the depot for it, but the
baggage-master was still absent.  The son went in pursuit, of him, and
returning with him, delivered his check and the trunk was drawn out to
the door, but meanwhile, the conveyance employed to remove the trunk
had gone, and no other could be obtained, and it was thereupon left in
charge of the baggage-master for the night.  During the night it was
broken open and rifled of its contents.

In an action to recover for the loss,—*Held* (ALLEN and FOLGER, JJ., dis-
senting), that defendant's liability as common carrier had not terminated
and that it was liable.

(Argued April 23, 1872; decided May 28, 1872.)

APPEAL from order of the General Term of the Supreme
Court in the fourth judicial department, reversing a judg-
ment in favor of plaintiff entered upon the report of a referee
and directing a new trial.

The action was brought against defendant as a common
carrier to recover for the loss of the contents of a trunk.

On the 4th day of July, 1868, the wife of plaintiff was a passenger upon defendant's road from the city of New York to Mount Vernon. She had with her a trunk containing, wearing apparel for herself and plaintiff, jewelry and other articles. The train arrived at Mount Vernon at about 5.30 p. m. The baggage-master immediately put the trunk into the depot and went to tea; his house was about one-fourth of a mile distant. Plaintiff's wife waited about fifteen minutes and searched for some one to deliver her baggage; the ticket office was closed, and she could find no one. She thereupon went away. After tea the plaintiff sent his son to get the trunk; he procured a man with a horse and wagon to carry it, and went to the depot about eight p. m. The depot was locked; the son thereupon went to the residence of the baggage-master and induced him to go to the depot to deliver the trunk. Upon their arrival he took the check and removed the duplicate from the trunk, and drew the trunk out to the depot door, but on looking for the wagon it was found that the man in charge had left with it and could not be found. No other conveyance could be obtained, and the baggage-master consented to keep the trunk until morning. It was placed back and locked up. The depot was entered by burglars during the night, the trunk broken open and rifled of its contents.

The referee found that plaintiff was entitled to judgment for the value of the contents of the trunk, and judgment was entered accordingly.

*George B. Bradley* for the appellant. The failure to deliver trunk and contents established defendant's liability, and the burden was upon them to relieve themselves from such liability. (*Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y.; 184; *Michaels* v. *N. Y. C. R. R.*, 30 id., 564; *Read* v. *Spaulding*, 30 id., 630; *Southern Express Co.* v. *Newby*, 36 Ga., 635; *American Express Co.* v. *Sands*, 55 Penn. St., 140; *Angle* v. *Mississippi, etc., R. R. Co.*, 18 Iowa, 555; *Garvey* v. *Camden & A. R. R. Co.*, 1 Hilton, 280.) Find-

ings will be presumed if essential to sustain the conclusions of the referee. (*Valentine* v. *Conner*, 40 N. Y., 248–254; *Grant* v. *Morse*, 22 id., 323; *Carman* v. *Pultz*, 21 id., 547; *Grant* v. *Morse*, *supra*; *Phelps* v. *McDonald*, 26 N. Y., 84; *Brainard* v. *Dunning*, 30 id., 211.) The responsibility of the defendant as common carrier, as to baggage of its passengers, does not terminate until delivery to the owner unless the latter fail within a reasonable time to call for and receive the same. (*Powell* v. *Myers*, 26 Wend., 591; *Price* v. *Powell*, 3 Comst., 322; Angel on Carriers, § 114.) And what is a reasonable time depends upon circumstances and is a question of fact. (*Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 186; *Cary* v. *Cleveland & T. R. R. Co.*, 29 Barb., 35, 44, 50; *Curtis* v. *A. G. & M. M. R. R. Co.*, 49 id., 148, 154; *Goodwin* v. *B. & O. R. R. Co.*, 58 id., 195; *Gilhooly* v. *N. Y. & S.*, etc., *Co.*, 1 Daly, 197; *Haskin* v. *Hamilton Ins. Co.*, 5 Gray, 132; *Cole* v. *Goodwin*, 19 Wend., 255.) The defendant cannot make its own negligence operate to the prejudice of the plaintiff. (*Powell* v. *Myers*, 26 Wend., 597; *Cole* v. *Goodwin*, 19 id., 251, 255.) The baggage-master as agent of defendant had power to continue the relationship as common carrier, and his arrangement estops defendant. (*Curtis* v. *A. G. & M. M. R. R. Co.*, 49 Barb., 148; *Hickox* v. *Naugatuck*, 31 Conn., 281.) But if defendant was not responsible as carrier it was liable as bailee for negligence. (*Burwell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 184, 187; *Orange Co. Bank* v. *Brown*, 9 Wend., 85; *Powell* v. *Myers*, 26 id., 594.) The evidence discloses gross negligence. (*Chicago, R. I. & P. R. R. Co.* v. *Fairclough*, 52 Ill. [Freeman], 106; *Warner* v. *Burlington*, etc., *R. R. Co.*, 22 Iowa, 166; *Morris* v. *Third Av. R. R. Co.*, 23 How., 345, and cases cited; *Van Horn* v. *Kermit*, 4 E. D. Smith, 453.) The findings of the referee are conclusive. (*Cheny* v. *Beals*, 47 Barb., 523, 525.) The judgment was not reversed on questions of fact. (Code, § 268; *Baldwin* v. *Van Deusen*, 37 N. Y., 487.)

*D. Rumsey* for the respondent. Defendant's contract was

to transport and deliver the baggage within a reasonable time upon presentation of checks. If left for plaintiff's convenience its liability as common carrier ceased. (3 N. Y. Stat. at Large, 634, §37; *Jones* v. *N. & N. Y. Trans. Co.*, 50 Barb., 193, 206; *Powell et al.* v. *Myers*, 26 Wend., 591; *Roth* v. *Buff. and State Line R. R. Co.*, 34 N. Y., 548, 553.) The referee having found facts which amount to a delivery, defendant was only liable as gratuitous bailee for gross negligence. (*Jones* v. *N. & N. Y. Trans. Co.*, 50 Barb., 206; *Roth* v. *Buff. and State Line R. R. Co.*, 34 N. Y., 553; *Miner* v. *Chicago, etc., R., R. Co.*, 19 Wis., 40; 2 Parsons on Contract, 5th ed., 199, 200; *Norway Plains Co.* v. *Boston & Maine Co.*, 1 Gray, 263.)   When there is a finding unsupported by any evidence, or a refusal to find a fact where evidence is uncontroverted, it is error of law. (*Mason* v. *Lord*, 40 N. Y. R., 476, 484; *Marvin* v. *Ingalls*, 39 H. P. R., 329, 353; *Austin* v. *N. J. Steamboat Co.*, 43 N. Y., 75, 79; *Laird* v. *Smith*, 44 id., 618, 624; *Putnam* v. *Hubbell*, 22 id., 106, 113; *Erickson* v. *Quinn*, 3 Lansing, 299, 308.) The baggage-master had no authority to bind defendant to keep trunk over night, and it is not liable even as bailee. (*Hicock* v. *N. R. R. Co.*, 31 Conn., 281, 283; *Grant* v. *Norway*, 10 Com. R., 682; 2 Eng. L. & E., 337; *Hubbertsly* v. *Ward*, 18 id., 551; *Colman* v. *Richer*, 29 id., 323; *Mech. Bank* v. *B. & D. Bank*, 13 N. Y., 599, 633; *F. & M. Bank* v. *B. & D. Bank*, 16 id., 125, 150; 1 Pars. on Con., 5th ed., 44.)

PECKHAM, J.   The Supreme Court reversed the judgment entered upon the report of the referee, and granted a new trial; but as it is not stated to have been reversed upon a question of fact, it is deemed to have been exclusively upon questions of law.

The referee found, upon evidence, that "the plaintiff caused the demand to be made for said trunk and contents within a reasonable time, and made reasonable efforts, and within a reasonable time, to demand and procure the trunk and con-

tents; and that the defendant refused and neglected to deliver the contents of said trunk."

This finding, so stated, includes the finding that there was no delivery at all of the trunk and contents to the plaintiff; that what occurred at the depot some time after eight o'clock in the evening, when the plaintiff's son went there with a wagon for the trunk, was no delivery. Under these findings the defendant still held the trunk as a common carrier.

The responsibility of a common carrier, as to baggage, continues until the owner has a reasonable time and opportunity to receive and take it away.

It is found in the case at bar that the plaintiff did not have such time and opportunity. This was by reason of the absence of the defendant's agent from the depot.

For fifteen minutes plaintiff's wife waited after the arrival of the cars and looked for this baggage. It seems the baggage-master had quietly and quickly put it in the depot room, and left the place for his dwelling, some quarter of a mile distant. It is no answer, it is idle to say she could not have carried home the trunk if she had found it. True; but she could and would have made an arrangement on that subject, and, it is presumed, would have fulfilled it and taken home the trunk that night, and thus prevented the loss.

That was the first and a plain neglect by the defendant. In proper season, immediately after tea, and at eight o'clock, the trunk is sent for; and at this time a wagon and horse are procured. Again the man in charge is absent, and, before the plaintiff's son could get him there, the horse and wagon-man get impatient and leave. This is the second and plain neglect of the defendant. It plainly appears by the evidence that it was difficult on that day to get a wagon to transport baggage, and difficult to detain one unnecessarily. The defendant was bound to be there at the depot a proper and reasonable time at first for the delivery of .that baggage. Not being so there, the baggage was locked up at defendant's peril. When plaintiff again, in a reasonable time, called for it, the master's negligent absence again prevented its delivery.

The taking off of the check, etc., from the trunk, and its partial delivery to the plaintiff's son, under the impression by him that the horse and wagon were still there, was not a delivery. The departure of the horse, etc., occurred, be it marked, by reason of the neglect of the master to be there at the depot. The refere has found, necessarily, that the failure to await the return of the son who had gone in pursuit of the baggage-master was not unreasonable, under the circumstances; and, as the son testified, it was agreed by them, at the master's suggestion, that another could not be procured that night. Thus it plainly follows that the entire failure to remove the trunk that night was caused by defendant's negligence. In such case, the defendant's liability as a common carrier is not discharged.

Suppose the plaintiff, with a horse and wagon, had gone to the depot at eight in the evening, and waited with two men for two hours, while a third man was vainly hunting the baggage-master, and then, hearing nothing of him, had gone home; but the master arrived within ten minutes thereafter, when no team could be obtained that night, yet the man supposing the wagon still there, had a partial taking of the baggage, as here, would it be contended there was any delivery?

The precise length of time a party shall wait for finding the master is not and cannot well be settled as matter of law. It is found here, as matter of fact, that the waiting was reasonably long; and no error in law is committed thereby.

The order of the Supreme Court should be reversed, and judgment absolute ordered for the plaintiff upon the finding of the referee.

All concur, except FOLGER and ALLEN, JJ., dissenting.

Order reversed and judgment accordingly.