JULIUS BURGEVIN, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Railroad passenger's baggage checked to an intermediate station, to await the return of the passenger — liability of the company as a common carrier — reasonable time.*

When a railroad passenger, with the knowledge and consent of the agents of the railroad company, has his baggage checked to a station intermediate that of departure and the one to which he has purchased a ticket, on the understanding that it will be all right to leave the baggage over night at such intermediate station while he proceeds to the station to which he has purchased a ticket, with the intention of returning to the intermediate station in the morning, the company is liable as a common carrier for such baggage until it arrives at such intermediate station, and until the passenger has a reasonable time to remove it therefrom.

*Semble,* that in the case of a passenger's trunks arriving at a railway station in the evening, a delay in calling for them until the next morning is not an unreasonable delay.

APPEAL by the defendant, the New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Ulster county on the 29th day of October, 1892, upon a verdict rendered at the Ulster Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

*Ashbel Green* and *F. L. Westbrook,* for the appellant.

*D. M. De Witt,* for the respondent.

HERRICK, J.:

This is an appeal from a judgment rendered upon the verdict of a jury in favor of the plaintiff and against the defendant, in an action to recover the value of a trunk and its contents, charged to have been destroyed in a fire which occurred in defendant's station located at West Park.

The plaintiff was intending to go to work upon a place located a mile and a half, or thereabouts, from the railroad station at West Park. He purchased a ticket from New York city to Kingston. Kingston is about ten miles north of West Park. He purchased the ticket for the train leaving New York at four-fifteen in the afternoon; he then went to the baggage-master and told him

that he wanted his trunks checked to West Park ; that he was going to West Park ; that he had no way of staying there over night ; that he would like to leave the trunks over night if they would be all right ; that he told him that he was going to Kingston ; that he would be down on the first train in the morning, and the baggage-master said that that would be all right ; that the plaintiff could come the next morning and get the trunks.

The plaintiff having two trunks, the baggage-master weighed them, charging the plaintiff twenty-five cents for excess baggage, gave him a check and receipt for them.

The train was due at West Park about six-forty-one in the evening ; the plaintiff took the train, his trunks were shipped and left at West Park. The plaintiff went to Kingston, stayed there all night, returned to West Park next morning between six and seven o'clock, and found that there had been a fire at the depot, and that one of his trunks had been destroyed.

The court held that the defendant was not liable as a common carrier, but simply as a warehouseman, and so only responsible to the plaintiff for negligence in the discharge of its duty as a warehouseman, and it held that there was nothing to go to the jury, except the question of negligence, and upon that issue the jury rendered a verdict against the defendant. I have not stated the facts or any of the evidence bearing upon the question of negligence because from the view that I have taken of the case, it is unnecessary to discuss that question.

The defendant was liable as a common carrier for the plaintiff's baggage until it arrived at West Park, and until the plaintiff had a reasonable time to remove it. (*Roth* v. *Buffalo & State Line R. R. Co.,* 34 N. Y. 548; *Burnell* v. *N. Y. C. R. R. Co.,* 45 id. 184.)

As to what is a reasonable time, it was said in the *Burnell* case, that it cannot be definitely determined, but must be left to the circumstances of each case. And, when there is no dispute as to the fact, what is such a reasonable time is a question of law for the court to decide. (*Hedges* v. *H. R. R. R. Co.,* 49 N. Y. 223.)

In the *Roth* case, where, as was stated in *Burnell* v. *N. Y. C. R. R. Co.* (45 N. Y. 187), "the rule of exemption from strict liability was carried to the utmost limit of propriety, to say the

least of it," the facts were as follows : "The carrier transported the passenger and his trunk to the place of destination, and was ready to deliver it on its arrival, but the passenger who accompanied it, and, therefore, had notice of its arrival, neglected to receive it, and left it in the carrier's possession, not because it was unsafe or improper for him to take it, but because he preferred to leave it at the depot over night rather than carry it to his lodgings." There was no agreement, understanding or permission by which the baggage was permitted to remain in the depot over night.

The court, in announcing its decision, stated that it was strictly in view of the special facts of the case, that the rules that it laid down were not intended to apply "to the case of the baggage of a passenger, who with the knowledge and consent of the agents of the railroad company stops at an intermediate station, on the route, over which he has contracted to be carried, intending to pursue his journey on a subsequent train, and left his baggage in the keeping of the carrier in the meantime." Upon the undisputed facts in this case, it seems to me, as matter of law, the responsibility of the defendant as a common carrier did not cease before the time of the fire.

The baggage had arrived at West Park between six and seven o'clock in the evening, and it seems to me that in the case of trunks arriving in the evening a delay in calling for them until the next morning is not an unreasonable delay, and again, in this case we have almost the identical facts suggested in the *Roth* case of the knowledge and consent of the agents of the railroad company (see 34 N. Y. 554), that the baggage should remain in the keeping of the carrier.

It seems to me, therefore, that the holding of the trial court was more favorable to the defendant than the facts entitled it to, and that it has not been injured thereby or by any of the rulings of the court upon the admission of evidence relative to the question of negligence, and that the judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.