ANNA MORTLAND, Appellant, v. PHILADELPHIA AND READING RAILROAD COMPANY, Respondent.

*Loss of a checked trunk — liability of a railroad company as a common carrier and as a warehouseman.*

Where a trunk is checked by a railroad company from one city to another, the liability to the owner of the trunk by the company as a common carrier continues from the time the trunk is checked until its arrival at its destination, and for such time thereafter as will afford the owner thereof a reasonable opportunity to remove the same.

What constitutes a reasonable time cannot be measured by any arbitrary and inflexible rule, but depends upon the circumstances of each case, and if the facts are undisputed it is a question of law for the court to determine.

After the liability of a railroad company as a common carrier ceases towards the owner of a trunk checked by it, it still owes a duty to him, although its strict responsibility as a carrier has been changed to a modified liability, such as that of warehouseman, and it can be charged with responsibility for the loss of the trunk only on the ground that it was negligent and failed as such warehouseman to discharge in full the duty it owed to the owner of the trunk.

APPEAL by the plaintiff, Anna Mortland, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 8th day of May, 1893, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the New York Circuit, with notice of an intention to bring up for review on such appeal an order entered in said clerk's office on the 12th day of May, 1893, denying the plaintiff's motion for a new trial made upon the minutes.

*Jonathan C. Ross*, for the appellant.

*Pierre M. Brown*, for the respondent.

PARKER, J.:

The baggage manager of a theatrical company of which the plaintiff was a member caused the baggage of the company, as well as that of the individual members of it, to be checked from Wilmington, Del., to Mahoney City.

After the car in which the baggage checked was carried had arrived at Mahoney City, the manager of the theatrical company went to the car in company with the baggageman in the employ of the defendant, who unlocked the car and opened it. All the checks were at that time delivered to him by the manager of the theatrical company, who informed him that he only desired to take out the baggage of the company which would be required for use at the performance in the evening, leaving the other trunks in the custody of the defendant. He was informed by defendant's baggageman that he might as well deliver up all the checks, that every thing would be safe, because the car would be only 200 feet from the depot, and the defendant had a night watchman. This suggestion was acted upon, the property necessary for the evening's performance being taken from the car, after which the door of the car, which had a snap lock on it, was closed.

Among the trunks left in the car was one belonging to this plaintiff, the contents of which were of the value of $500. After the evening's performance was at an end the trunk was missing. Subsequently the trunk was found, but the lock was broken and its contents had been taken away.

The trial court, rightly, as we think, dismissed the complaint after the plaintiff had rested her case. Defendant's liability to the plaintiff as common carrier was in force from the time the trunk was checked at Wilmington until its arrival at Mahoney City, and for such a time thereafter as should afford plaintiff reasonable opportunity to remove it. (*Roth* v. *Buffalo & S. L. R. R. Co.*, 34 N. Y. 548; *Fenner* v. *Buffalo & S. L. R. R. Co.*, 44 id. 505; *Burnell* v. *N. Y. C. R. R. Co.*, 45 id. 184; *Mattison* v. *N. Y. C. R. R. Co.*, 57 id. 552.)

As to what constitutes a reasonable time cannot be measured by

any arbitrary and inflexible rule, but depends upon the circumstances of each case. When, however, the facts are undisputed, what is a reasonable time is a question of law for the court. (*Hedges* v. *H. R. R. R. Co.*, 49 N. Y. 223.)

In this case the facts were not in dispute. Only one witness was sworn, and he was the baggage manager of the theatrical company. His testimony required the court to hold that before the trunk was taken from the possession of the defendant the plaintiff had had a reasonable time within which to remove it, because the person who was authorized to act for her, and for that purpose had possession of the check, removed from the same car other baggage, and could have removed this had he desired to do so. For his own convenience, or for that of his principal, or both, he elected not to take it away, but to leave it in the custody of the defendant.

The baggagemaster of the defendant suggested that he leave it in the car, and told him where the car would be located, and that the defendant had a night watchman.

Plaintiff's representative acquiesced in the suggestion, delivered the check, with others, to the baggagemaster, and the car was closed. Thus was terminated defendant's relation to the plaintiff as common carrier of her trunk.

*Deninny* v. *N. Y. & N. H. R. Co.* (49 N. Y. 546) is not an authority for the plaintiff. The decision in that case was predicated on a finding of fact that "The plaintiff caused the demand to be made for said trunk and contents within a reasonable time, and made reasonable efforts, and within a reasonable time, to demand and procure the trunk and contents; and that the defendant refused and neglected to deliver the contents of said trunk."

We have not overlooked the case of *Burgevin* v. *N. Y. C. & H. R. R. R. Co.* (69 Hun, 479). The proposition of law which the court asserts to be controlling in such a case as this accords with the views we have expressed, but under the peculiar circumstances of that case it was held that plaintiff called for his trunk within a reasonable time after its arrival at the station.

It does not follow of course that because defendant's responsibility as a carrier ceased, the company could thereafter leave it uncared for. It still owed a duty to the plaintiff in respect to the trunk. The strict responsibility of a carrier had been changed to a

FIRST DEPARTMENT, NOVEMBER TERM, 1894.          [Vol. 81.

modified liability such as that of a warehouseman. As a warehouseman the defendant could be charged with responsibility for the loss of the trunk only on the ground that it was negligent and failed to discharge in full the duty it owed to the plaintiff as such. But upon the question of negligence the record is silent. Hence no question was presented for the consideration of the jury.

The judgment should be affirmed.

FOLLETT, J., concurred.

VAN BRUNT, P. J.:

I concur. The only witness examined for the plaintiff shows that the baggage was delivered. He says that he gave the checks to the baggageman who delivered the baggage to him; that then the witness asked to leave some of the baggage there.

This testimony is reiterated. The witness says: "After I got this baggage I asked the baggageman to leave some of the stuff in the car and he said it would be all right." This evidence shows clearly that the obligations of the defendant as carrier had ceased.

Judgment affirmed.