RICHARD W. MAXWELL, Respondent, *v.* WILLIAM B. GERARD, Appellant.

*Innkeeper — liability to a guest for baggage — when terminated.*

An innkeeper's liability for the baggage of his guest is not terminated the instant the guest pays his bill and leaves the hotel, but continues for such a reasonable time thereafter as may be necessary to enable the guest to secure its removal; or if the innkeeper, in the ordinary course of his business, undertakes the removal of such baggage, until he has effected it.

APPEAL by the defendant, William B. Gerard, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of June, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*Edmund R. Dodge*, for the appellant.

*Henry Thompson*, for the respondent.

PARKER, J.:

The appellant insists that the motion to dismiss the complaint should have been granted, because the relation of guest and innkeeper ceased the moment the plaintiff left the hotel with the declared intention of not returning; that thereafter the defendant, as to plaintiff's trunk, was merely a warehouseman.

We do not understand this to be a correct statement of the rule. An innkeeper's liability for the baggage of his guest is not termi-

nated the instant the guest pays his bill and leaves the hotel, but continues for such a reasonable time thereafter as may be necessary for him to secure its removal; or if the innkeeper, in the ordinary course of his business, undertakes its removal to a railroad, or to some other common carrier, until he has made performance.

This is the rule as between passenger and common carrier, and there is no such substantial distinction in the relation which they bear to each other as to baggage, and that borne by guest and innkeeper, as to require or permit a different rule. When a passenger alights from a train at his journey's end, so much of the contract of his carrier as relates to the transportation of the passenger's person is performed, but its liability as common carrier of his baggage continues for such a reasonable time thereafter as may be necessary to secure its removal by the ordinary and usual methods. (*Roth* v. *Buff. & St. L. R. R. Co.*, 34 N. Y. 548; *Fenner* v. *Buff. & St. L. R. R. Co.*, 44 id. 505; *Burnell* v. *N. Y. C. R. R. Co.*, 45 id. 184; *Mattison* v. *N. Y. C. R. R. Co.*, 57 id. 552; *Burgevin* v. *N. Y. C. & H. R. R. R. Co.*, 69 Hun, 479; *Mortland* v. *Phil. & R. R. R. Co.*, 81 id. 473.)

We see no reason for applying a different rule as between innkeeper and guest, and our attention has not been called to any case in this State commanding us to do so.

When the plaintiff left defendant's hotel he left in his room a trunk containing wearing apparel, which the jury has found was of the value of sixty dollars. What became of the trunk the record does not advise us, but it is conceded that the plaintiff never received it, and the defendant does not appear to know what, if anything, was done with it after plaintiff left the hotel.

Plaintiff left the hotel to go on board a yacht for a cruise, and it was his desire to have his trunk sent home by express. His testimony is that he made an arrangement with the clerk in charge of the hotel office to deliver his trunk at once to an expressman for transportation to his residence. It is not pretended that this undertaking on the part of the defendant's clerk was outside of the ordinary routine of the work undertaken by defendant to promote the pleasure, comfort and convenience of his guests, and to assure their further patronage. Nor is it pretended that innkeepers generally are not accustomed to perform work of like character for

their guests, and for a like purpose. If the plaintiff's version of what took place between himself and the clerk be true, it would follow, under the rule we have announced, that defendant's liability as innkeeper continued until he should have delivered the baggage to the expressman, which he promised to do immediately on the departure of his guest. This he neither did nor attempted.

If plaintiff's testimony had not been contradicted, it would have been the duty of the court to have directed a verdict in favor of the plaintiff. On the part of the defendant, however, it was denied that he, or any one in his behalf, agreed to deliver the trunk to the expressman, as testified to by the plaintiff, and this issue the trial court rightly decided to submit to the jury.

The defendant has no substantial ground of complaint of the manner in which that question was submitted by the court, for the charge was far more favorable to the defendant than he was entitled to. The finding of the jury disposed of the only issue in favor of the plaintiff.

The judgment must be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.