### HOFFMAN v. ROESSLE.

#### (Supreme Court, Appellate Term.  November, 1902.)

1. INNKEEPERS—TERMINATION OF RELATION—RETENTION OF BAGGAGE—GRA-
TUITOUS BAILEE.
      Where a guest in a hotel surrendered his rooms after paying his bill,
   and departed, leaving his baggage in charge of the proprietor, who re-
   ceived and agreed to keep the same for the guest's accommodation until
   his return, the relation of innkeeper and guest was terminated, and the
   innkeeper's liability for the baggage was that of a gratuitous bailee.
2. SAME—CARE REQUIRED—NEGLIGENCE.
      Where a hotel proprietor, who was liable only as a gratuitous bailee
   for the care of plaintiff's baggage during plaintiff's absence, delivered
   plaintiff's valise to a person presenting a forged order therefor, which
   person was known to the .clerk in the hotel office and had dined with
   plaintiff on a number of occasions, and had been frequently seen with
   him about the hotel, such proprietor was not guilty of such gross negli-
   gence as rendered him liable for the loss of the baggage, though he had
   not seen plaintiff's signature, and did not obtain it from the register.
      MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis--
trict.

Action by Casimir Hoffman against Elwood O. Roessle.  From a judgment in favor of defendant, plaintiff appeals.  Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and. BLANCHARD, JJ.

Holls, Wagner & Burghard, for appellant.

Charles A. Hess, for respondent.

BLANCHARD, J.  This is an appeal from a judgment for defend-
ant given after a trial before a justice without a jury in the municipal court in the city of New York.  The plaintiff, the father of a pianist making a concert tour in this country, made the defendant's hotel in the city of New York his headquarters while residing temporarily in said city.  On the 18th of November, 1901, the plaintiff paid his bill, gave up his room, and departed, leaving his baggage, consisting of some trunks and one valise, in the charge of an employé of the defendant, as the plaintiff states, by direction of the defendant's repre-
sentative, at the office of the hotel, but this is denied by defendant. In the plaintiff's absence a party presented a forged order at the office of the hotel for the plaintiff's valise, which order was honored, and the valise delivered.  The party who presented this order was known to the clerk at the office, as he had dined with the plaintiff on a number of occasions, and had. frequently been seen in plaintiff's society about

¶ 1. See Innkeepers, vol. 27, Cent. Dig. § 19.

the hotel.  The defendant had not seen plaintiff's signature, did not obtain it from his register, and was not familiar with it.  Such, briefly, are the undisputed facts of the case.

The first question to be determined is whether at the time of the loss a relationship of innkeeper and guest existed between plaintiff and defendant.  The trial justice correctly decided that such relationship did not exist.  Even if it be admitted, what seemed to be a fact, that the plaintiff intended to return to the hotel, his sojourn, nevertheless, had for the time being terminated, and there was no enforceable agreement for the resumption of the pre-existing relationship upon plaintiff's return to New York.  The plaintiff had ceased to be a guest of the defendant, and the defendant could not be held liable as innkeeper.  Wintermute v. Clark, 5 Sandf. 242;  Grinnell v. Cook, 3 Hill, 485, 38 Am. Dec. 663.  In other jurisdictions, under circumstances very similar to those of the present case, it has been decided that the hotel keeper was free from liability.  O'Brien v. Vaill, 22 Fla. 627, 1 South. 137, 1 Am. St. Rep. 219;  Hays v. Turner, 23 Iowa, 214;  Miller v. Peeples, 60 Miss. 819.

What, then, was the relationship which existed between the plaintiff and defendant, so far as the plaintiff's baggage was concerned, after plaintiff had ceased to be a guest?  It was that of bailee, and as defendant had not nor was not to receive compensation for the storage of the baggage, it being done purely as an accommodation to the plaintiff, the defendant was a gratuitous bailee, and as such he owed to plaintiff simply slight care, and can be held only for gross negligence.  The trial justice has found that the plaintiff has not shown gross negligence on defendant's part, and that finding is not unwarranted by the evidence.

The judgment should be affirmed, with costs.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting).  Delivery upon a forged order of the luggage of one lately a guest hardly evidences the care ordinarily expected of this sort of bailee, who, as is familiarly known, wantonly issues a token amounting both to a receipt and to an order to bearer, a token as common as probably to be recognized in the guaranty bond of the impostor.

Judgment affirmed, with costs.