BOOTH v. LITCHFIELD et al.

(Supreme Court, Appellate Term. February 15, 1909.)

1. TRIAL (§ 260*)—GRATUITOUS BAILEE—LIABILITY—INSTRUCTIONS COVERED BY THOSE GIVEN.

An instruction that a gratuitous bailee must exercise ordinary care, that a bailee for hire must exercise a higher degree of care, that the jury must ask themselves whether, under all the circumstances, defendant, a gratuitous bailee, exercised reasonable care in the protection of property in his possession, and that in considering that question they should consider the surrounding circumstances, sufficiently submits the liability of a gratuitous bailee; and it is not error to refuse to charge that the duty resting on a gratuitous bailee is not to be guilty of gross negligence and that his only duty is to observe slight care.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION.

The court, in determining the correctness of the instructions, must look at the whole charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

Appeal from City Court of New York, Trial Term.

Action by Ralph Harmon Booth against Edward H. Litchfield and another, individually and as trustees. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

William C. De Witt, for appellants.

Hugh C. Murray (Charles C. Reiley, of counsel), for respondent.

GIEGERICH, J. This is an action to recover damages for the conversion of certain clothing and personal effects. At the time in question the defendants were the owners, and were engaged in the conduct, control, and management, of a certain apartment house or hotel known as the "Hotel Arlington," in the city of New York. A Mr. Lord had leased or engaged one of the apartments in the house, and on May 22, 1905, apparently while Mr. Lord was absent, the plaintiff presented a letter from him, asking the management to allow the plaintiff to occupy his apartment while the plaintiff was in the city. He was shown to the rooms and stayed there that night. About 6 o'clock on the following evening the plaintiff had a conversation with the clerk in the office. The plaintiff testified that he told the clerk that he was going to Washington on the midnight train, and would like to have his things packed and downstairs ready for him when he called for them; and that the clerk called a man over and asked him to go to plaintiff's room and pack his things. The plaintiff also testified that later in the evening he saw the clerk again and said:

"Don't forget, I am coming for these things myself on the way to the train. I will be in about 11 or 11:30."

The clerk testified that nothing was said at the first of these conversations as to what was to be done with the things after they were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

114 N.Y.S.—64

packed, and that the second conversation did not occur at all. Another witness testified that the plaintiff said he would either call for the goods or send for them. The goods were packed by the man who was sent to the plaintiff's room, and they were admittedly brought downstairs and left with the clerk in the office. The defendants proved that later in the evening a messenger called at the office, saying that Mr. Booth had sent him from Rector's for the articles, which he enumerated, and they were delivered to this messenger. The messenger had not been sent by Mr. Booth, or on his behalf, and his representations and his receipt of the goods were fraudulent. The plaintiff did not pay for the privilege of occupying Mr. Lord's apartment, and the services rendered him while there were rendered gratuitously. The defendants' motion to dismiss having been denied, the case was left to the jury, which found for the plaintiff.

The appellants insist that the house in question, although called a hotel, was in fact merely an apartment house, and that the defendants are therefore not chargeable with the duties or liabilities of innkeepers, and, since the bailment was gratuitous, were only subject to the obligations of that relation. They claim accordingly that the trial judge committed reversible error in refusing their request to charge "that the duty resting upon the defendants was not to be guilty of gross negligence, and their only duty, being gratuitous bailees, was to observe slight care," to which the judge replied, "ordinary care." In order to understand the situation existing at the time the request was made, it is necessary to go back and note the instruction upon the point which the judge had given to the jury in his main charge, which was as follows:

"This was a gratuitous bailment, if it was anything; and in a gratuitous bailment the bailee is held to exercise ordinary care. Where you give anything to a person, and ask him to deliver it to somebody, without compensation, that is a gratuitous bailment, and the bailee is held to exercise ordinary care. Where you pay a person a sum of money for delivering anything to another, then that is a bailment for hire; and a bailee for hire is bound to exercise a higher degree of care than is a bailee of a gratuitous bailment. If you reach that part of the case, you will ask yourselves whether, in view of all the circumstances, the clerk exercised reasonable care in the protection of this property. In considering that question you will take into consideration the surrounding circumstances."

The defendants urge that it is the established law of this state that a gratuitous bailee is liable only in the event of gross negligence. It is not necessary to deny that claim as an abstract proposition. From the earliest times the writers of text-books and commentaries on the law, and to some extent the courts, have employed the terms "slight," "ordinary," and "gross" negligence; but, however useful those expressions may have been for the purposes of academic discussion, they have been found wanting, and have broken down when an attempt was made to make use of them practically before juries, and many judges have gone to the extent of questioning whether they served any useful purpose whatever. In Perkins v. New York Central Railroad Company, 24 N. Y. 196, at page 207, 82 Am. Dec. 281, the court said:

"The difficulty of defining gross negligence, and the intrinsic uncertainty pertaining to the question as one of law, and the utter impracticability of establishing any precise rule on the subject, renders it unsafe to base any legal decision on distinctions of the degrees of negligence. Certainly before cases are made to turn upon the verdict of juries upon any such distinction, the judges should be able to define with some precision what they mean by gross negligence, slight negligence, and ordinary negligence. It will be seen, on examining the many cases reported, where the question has arisen, that this has been found utterly impracticable by the judges, when called upon to instruct juries on the question, and also when called on to declare the law more carefully in bank. Negligence is essentially always a question of fact, and every case depends necessarily upon its own particular circumstances. What is negligence in a given case may easily be affirmed by a jury; but in what degree the negligence consists, in any scale of classification of degrees of negligence, is not so easily determined—will ordinarily be a matter of pure speculation and of no practical consequence."

In Hinton v. Dibbin, 2 Q. B. 661, 42 English Common Law Reports, 847, 854, it was said by Lord Denman, C. J., in delivering the judgment of the court:

"It may well be doubted whether between gross negligence and negligence merely any intelligible distinction exists."

In The New World et al. v. King, 16 How. 469, 474, 14 L. Ed. 1019, it was also said that it might be doubted whether the terms "slight," "ordinary," and "gross" negligence could be usefully applied in practice.

In First National Bank v. Ocean National Bank, 60 N. Y. 278, at page 295, 19 Am. Rep. 181, the court used the following language:

"What constitutes gross negligence—that is, such want of care as would charge a gratuitous bailee for loss—must depend very much upon the circumstances to which the term may be applied. It has been defined to be the want of that ordinary diligence and care which a usually prudent man takes of his own property of the like description"—citing Gibbin v. McMullen, L. R. 2 P. C. Cases, 318, 327.

The language of Judge Rapallo in Mark et al. v. Hudson River Bridge Co., 103 N. Y. 28, 34, 8 N. E. 243, 244, is especially applicable to the present case, being as follows:

"It is true that the judge declined, in his instructions to the jury, to use the term 'gross negligence' in explaining to them the degree of negligence necessary, under the circumstances of the case, to render the defendant liable. But, without using that term, he charged them very fully on the point, and described to them, in his own language, what kind of negligence was necessary to charge them with damage."

In the record before us the learned trial judge had told the jury that a bailee for hire is bound to exercise a higher degree of care than is a bailee of a gratuitous bailment, and he further left it for the jury to determine whether, "in view of all the circumstances, the clerk exercised reasonable care in the protection of this property," emphasizing this portion of the charge by adding the words:

"In considering that question you will take into consideration the surrounding circumstances."

The charge, correctly interpreted, and as it must be presumed the jury understood it, left it to them to determine, in view of all the circumstances, whether reasonable care was exercised; the circum-

stances referred to including the fact that the defendants were gratuitous bailees and that they were not bound to as high a degree of care as they would have been if they had received compensation for their services. It is true that the judge had said that the defendants were held to the exercise of ordinary care, and subsequently refused to use the expressions "gross negligence" and "slight care"; but, so long as he defined correctly and in intelligible terms to the jury the true measure of the defendants' liability, I do not think any harm, but good, rather, resulted from his refusal to use the terms requested.

There is high authority for the form of charge employed. In Preston v. Prather, 137 U. S. 604, 11 Sup. Ct. 162, 34 L. Ed. 788, it was said:

"The care usually and generally deemed necessary in the community for the security of similar property under like conditions would be required of the bailee in such cases, but nothing more. The general doctrine, as stated by text-writers and in judicial decisions, is that gratuitous bailees of another's property are not responsible for its loss unless guilty of gross negligence in its keeping. But gross negligence in such cases is nothing more than a failure to bestow the care which the property in its situation demands. The omission of the reasonable care required is the negligence which creates the liability; and whether this existed is a question of fact for the jury to determine, or by the court where a jury is waived."

Looking at the whole charge, and judging it from its whole scope, as should be done, of course (Losee v. Buchanan, 51 N. Y. 476, 492, 10 Am. Rep. 623), I am of the opinion that a correct statement of the defendants' liability was made to the jury, and that no useful purpose would have been served by adding the request made by the defendants, but, on the contrary, that the jury might easily have been confused and misled by it.

I find nothing in Hoffman v. Roessle, 39 Misc. Rep. 787, 81 N. Y. Supp. 291, inconsistent with the views above expressed. In that case there was no jury, and there was no question of the correctness of instructions to the jury, but merely a question whether upon all the facts the decision of the trial justice was warranted; the court observing:

"The trial justice has found that the plaintiff has not shown gross negligence on the defendants' part, and that finding is not unwarranted by the evidence."

The judgment should be affirmed, with costs. All concur.