KAPLAN v. TITUS.

(Supreme Court, Appellate Term. June 25, 1909.)

INNKEEPERS (§ 11*)—LOSS OF PROPERTY OF GUEST—LIABILITY.

An innkeeper's liability for the baggage of his guest is not terminated the instant the guest pays his bill and leaves the hotel, but continues for such a reasonable time thereafter as may be necessary for him to secure its removal.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 17–40; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan,. First District.

Action by Abraham O. Kaplan against Edward H. Titus. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Henry Smith, for appellant.
Nathan Burkan, for respondent.

MacLEAN, J. The determination of the trial justice in favor of the plaintiff, in this action to recover damages for the loss of a suitcase and contents, warrants no interference by this court either as to the facts or the law. From the evidence, and according to the running and refreshing definition of the relation as appearing in Crapo v. Rockwell, 48 Misc. Rep. 1, 94 N. Y. Supp. 1122, the trial justice was justified in finding that the relation of innkeeper and guest, with its consequent rights and obligations, had existed between the parties, and that when the latter settled his account and departed, and sent for his baggage within an hour thereafter, the liability of the former, as innkeeper, for that baggage had not ceased; the guest, the plaintiff herein, having acted with reasonable promptitude.

Although this court has held the contrary (Hoffman v. Roessle, 39 Misc. Rep. 787, 81 N. Y. Supp. 291), finding early support therefor in Wintermute v. Clark, 5 Sandf. 242, and in Grinnell v. Cook, 3 Hill, 485, 38 Am. Dec. 663, we feel constrained to follow the law, as later pronounced by the General Term of this department, that "an innkeeper's liability for the baggage of his guest is not terminated the instant the guest pays his bill and leaves the hotel, but continues for such a reasonable time thereafter as may be necessary for him to secure its removal. * * * This is the rule between passenger and common carrier, and there is no such substantial distinction, in the relation which they bear to each other as to baggage and that borne by guest and innkeeper, as to require or permit a different rule" (Maxwell v. Gerard, 84 Hun, 537, 32 N. Y. Supp. 849), recognized and followed, as it has been, by the Appellate Divisions of the Second and Third Departments (Graves v. Fitchburg R. R. Co., 29 App. Div. 591, 592, 51 N. Y. Supp. 636; Moffat v. Long Island R. R. Co., 123 App. Div. 719, 721, 107 N. Y. Supp. 1113). The judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur.