(140 App. Div. 416.)

KAPLAN v. TITUS.

(Supreme Court, Appellate Division, First Department: November 4, 1910.)

1. INNKEEPERS (§ 11*)—BAGGAGE—LIABILITY.

The relation of innkeeper and guest does not terminate as soon as the guest pays his bill and leaves the hotel with the intention of not return-ing, since the guest has a reasonable time thereafter in which to remove his baggage.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 17, 19; Dec. Dig. § 11.*]

2. CARRIERS (§ 397½*)—BAGGAGE—LIABILITY.

A common carrier remains liable as such for the baggage of a passen-ger until the latter has a reasonable opportunity to remove the same, though the relation of passenger and carrier ceases on completion of the journey.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1519–1528; Dec. Dig. § 397½.*]

3. INNKEEPERS (§ 11*)—LOSS OF BAGGAGE—LIABILITY.

Where a guest at an inn paid for and was entitled to keep possession of his rooms until 6 o'clock, but left, giving a list of his baggage, with directions to deliver it to an expressman, the innkeeper was liable for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

loss of baggage occurring through negligence of his porter in turning over the baggage without verifying the number of pieces according to the list.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 17, 19; Dec. Dig. § 11.*]

Appeal from Appellate Term.

Action by Abraham O. Kaplan against Edward H. Titus. From an order of the Appellate Term, affirming a judgment, defendant, by permission, appeals.

For prior report, see 64 Misc. Rep. 81, 117 N. Y. Supp. 944.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and DOWLING, JJ.

Henry Smith, for appellant.
Adolph Bangser, for respondent.

McLAUGHLIN, J.   The defendant is the proprietor of the Hotel Woodward, in the city of New York, and this action is brought to recover damages for the loss of a dress suit case and its contents. It appears that the plaintiff and his family became guests at the hotel in January, 1909, and remained there until the 27th of February following. On that day he paid his bill and left the hotel about 4 o'clock in the afternoon. He left at the hotel some 19 pieces of baggage, one of which was the suit case in question, to be called for by an expressman whom he had engaged. The plaintiff never received the suit case, and brought this action in the Municipal Court to recover the damages sustained. The case was tried before the court without a jury, and resulted in a judgment in favor of the plaintiff for $60 and costs, which was affirmed by the Appellate Term, and the defendant, by permission, appeals to this court.

The amount of the judgment is not seriously questioned, and the evidence is overwhelming that the suit case was not delivered to the expressman, who took the rest of the baggage from the hotel and delivered it to the plaintiff. But there is some doubt as to just what took place when the plaintiff left the hotel. He testified that he piled the baggage in one of the rooms that he had been occupying, ready for the expressman to take away; that as he was leaving he saw the housekeeper, who had charge of the rooms, told her he was expecting an expressman to call for the baggage, and asked her to take care of it until it was called for, giving her, or one of the maids, a list of the various pieces, which he had made out, to give to the expressman. Whether he also spoke to the clerk of the hotel about the baggage is not clear from his testimony; but he did testify that he tried to find the porter and did not succeed in doing so. The housekeeper testified that she told the plaintiff that she and her help were ready to clean the rooms at once, and suggested that he put the baggage into an adjoining room, and that plaintiff accordingly had his servants carry it to the other room, which she then locked.

This conflict of testimony, however, is not, in my opinion, very material. It is undisputed that the porter of the hotel, with one of his assistants, delivered the baggage to the expressman, and that the

porter, although he had the list of the pieces which the plaintiff had made out, did not count the pieces, and did not obtain a receipt for them from the expressman. The plaintiff had paid for and was entitled to keep possession of his rooms until 6 o'clock, if he had so desired, and the baggage was taken away before 5, shortly after the plaintiff had left. It was doubtless not within the scope of the housekeeper's duty to take charge of the plaintiff's baggage; but she did have charge of the rooms, and under the circumstances of this case I do not think it makes the slightest difference, so far as the defendant's liability is concerned, whether the plaintiff left the baggage in his own room, or, at her request, had it taken to another room and left it there.

The question is whether the defendant ceased to be liable as an innkeeper for the safety of the plaintiff's baggage the moment the latter left the hotel with the intention of not returning, or whether his liability continued thereafter during a reasonable time necessary for its removal. In the former case, the defendant would have been a mere gratuitous bailee, and could be held liable only for gross negligence. It is by no means certain that it was not such gross negligence in the porter of the hotel to turn the baggage over to the expressman without verifying the number of pieces from the list which the plaintiff had left, and without obtaining a receipt. But I prefer to place my decision squarely upon the other ground.

In Maxwell v. Gerard, 84 Hun, 537, 32 N. Y. Supp. 849, it was said:

"An innkeeper's liability for the baggage of his guest is not terminated the instant the guest pays his bill and leaves the hotel, but continues for such a reasonable time thereafter as may be necessary for him to secure its removal."

And this, I think, was a correct statement of the law. In that case, the plaintiff, who left the hotel to go on a cruise, had arranged with the clerk in charge of the hotel office to have his trunk delivered to an expressman for transportation to his residence. The court, through Parker, J., after likening the liability of an innkeeper to that of a common carrier, said:

"It is not pretended that this undertaking on the part of the defendant's clerk was outside of the ordinary routine of the work undertaken by defendant to promote the pleasure, comfort, and convenience of his guests, and to assure their further patronage. Nor is it pretended that innkeepers generally are not accustomed to perform work of like character for their guests, and for a like purpose."

In the present case the plaintiff had himself arranged, when he paid his bill, to have his baggage removed, and when he left the hotel was expecting the expressman to come and get it, and in fact he did come within less than an hour afterwards. It is not true that the relation of innkeeper and guest terminates as soon as the guest pays his bill and leaves the hotel with the intention of not returning, because he has thereafter a reasonable time in which to remove his baggage. Until such reasonable time has expired, the innkeeper's liability, so far as the baggage is concerned, remains the same as it was prior to the departure of the guest. Maxwell v. Gerard, supra; 22 Cyc. 1088, and cases cited.

The two principal authorities relied upon by the appellant—Grinnell v. Cook, 3 Hill, 485, 38 Am. Dec. 663, and Wintermute v. Clark, 5 Sandf. 242—are not in conflict with this view. In the Grinnell Case, the question concerned the relation between an innkeeper and a person who kept his horse in the stables of the inn, but was not himself a guest. In the Wintermute Case, the plaintiff's son had taken lodging at defendant's inn for the night, leaving his trunk in a place directed by the defendant. The following morning he paid his bill and went away, and whether he did or did not then say that he expected to return, thus continuing or terminating the relation of innkeeper and guest, was held to be a question of fact for the jury. The evidence showed that the plaintiff's son was seeking employment, and apparently expected to keep his trunk at the inn until he located himself permanently, whether he stayed there or not.

As was pointed out in the Maxwell Case, it is settled that a common carrier remains liable as such for the baggage of a passenger until the latter has had a reasonable opportunity to remove the same from its custody, though the relation of passenger and carrier ceases as soon as the journey is completed. For a similar reason an innkeeper should be held liable, so far as baggage is concerned, until the guest has had a reasonable time to remove it from the hotel.

I am of the opinion the determination of the Appellate Term, affirming the judgment of the Municipal Court, is right, and should be affirmed, with costs. All concur.