CHARLES C. COFFEE *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

RAILROADS. *Baggage. Rules. Procurement of checks.*

> A rule of a railroad company, that baggage shall not be checked until a ticket has been procured, is reasonable; but a rule that a baggage master shall not receive baggage into the baggage room until a ticket shall have been procured. is unreasonable and void.

From the circuit court of Jackson county.

HON. THADDEUS A. WOOD, Judge.

Charles C. Coffee, the appellant, was the plaintiff in the court below; the railroad company, the appellee, was defendant there. Coffee, desiring to go from Mobile to Scranton, requested the baggage agent of the railroad company at Mobile to check his satchel to Scranton, but the agent answered that he could not do so until its owner had procured a ticket; the

ticket office was then closed.   Coffee left his satchel with the baggage agent.   A few minutes before the train left Mobile for Scranton, Coffee inquired for his satchel; it could not, at first, be found; finally, after a search and just as the train was about to start, the satchel was found, but too late for Coffee to buy a ticket, and he took the train without one.   When the conductor called for his fare Coffee explained the circumstances, and offered to pay at the rate of three cents per mile, but the conductor demanded four cents per mile, and Coffee, refusing to pay this rate, was put off the train.   He brings this suit for damages sustained, claiming that his ejection was wrongful, and accompanied by insult and the use of profane and improper language.   There was a peremptory instruction to the jury to find for defendant, which was done, and judgment so entered, and Coffee appeals.

*Denny & Woods*, for appellant.

It was entirely beyond the control of appellant that his baggage was lost or misplaced, but, desiring to obviate trouble, upon discovering that his baggage was lost, he aided the baggage master in searching for it.   He only succeeded in recovering it in time to board the train as it moved out, which, of course, rendered it impossible for him to have bought a ticket.

Counsel for appellee contend that the baggage master did not bind appellee by receiving appellant's baggage, for the reason that the company had a rule forbidding baggage masters to receive baggage save on presentation of a ticket.   We insist he did bind appellee by receiving appellant's baggage and promising to care for it, and contend that such a rule or regulation is unreasonable, oppressive and void.   We state it as an elementary proposition that the authority of an agent may be implied from his official designation, the position in which he is placed and the duties which naturally appertain thereto, and persons may deal with the agents of corporations upon the presumption that they possess the powers usually assigned to the office they hold (2 Kent,

350, note and cases cited), and the principal is bound, as to third persons acting in good faith, by the act of an agent within his apparent authority, although in the particular instance it was unauthorized.

It would produce grave inconvenience if it should be held that the baggage master did not represent the company in respect to the ordinary incidents of baggage transportation. The passenger has, we think, the right to assume that the baggage master possesses the requisite authority to make all ordinary and usual arrangements with passengers in respect to the transportation of baggage. *Isaacson* v. *N. Y. C. & H. R. R. R. Co.*, 94 N. Y., 285. For the principal to impose a limitation on the powers which are within the scope of the agency he must show that the person transacting business with the agent knew of the limitation. 12 Smed. & M., 161. It is a settled doctrine, we think, that a corporation is bound by contracts made in the ordinary discharge of the official duty of its agents and officers. That the baggage master was acting within the scope of his authority when he received appellant's baggage is, we think, perfectly clear; that he acted in violation of a rule (?) is utterly and wholly immaterial. *New Orleans, etc., R. R. Co.* v. *Albritton*, 38 Miss., 242.

*Mayes & Harris* and *Gregory L. Smith*, for appellee.

The appellant insists that he was excused from obtaining a ticket because he had left his valise with the baggage master, and because he was delayed a few moments in locating it when he returned, and, not having gone to the depot until just before the train was due to leave, he was too late to purchase a ticket after he had located his valise. It is not easy to understand upon the breach of what supposed duty by the defendant the plaintiff rests his excuse. The ticket office had been open for an hour. The undisputed evidence is that the baggage master had no authority whatever, as the agent of the defendant, to keep the plaintiff's valise for him, nor was it pretended

that he had any such authority.    The plaintiff had just arrived in Mobile over the Mobile & Ohio Railroad, and he had no relation, at the time the baggage agent received his valise, whatever with the defendant.    He was not its passenger, nor had he any other relation with it whatever, and if he chose to request one of its employes to keep a valise for him, this person became his bailee, and for defaults in this respect the defendant was in nowise responsible.    But, besides this, nothing whatever improper or unreasonable was done with the valise.    It was taken on to the platform, and this delayed the plaintiff for a few seconds in finding it, but passengers who desire to escape the payment of train rates by purchasing tickets must go to the trains early enough to permit themselves to buy their tickets, and also to attend to the delays reasonable and usual in the checking of baggage and sale of tickets.    The plaintiff in this case demands that the defendant should have attended upon his wants with a promptitude which would have been consistent only with his being the only passenger to be transported or served.    Had the railroad company allowed the baggage to remain in the baggage room until this plaintiff arrived at the depot, it owed the same duty to each passenger. It was too late, after his arrival, to have carried the baggage out and checked and loaded it.    A compliance with his requirements would have delayed the train indefinitely.    How extremely unreasonable is such a contention!    When a passenger goes to the depot too late to attend to his baggage and purchase his ticket before entering the train, this will not relieve him from the obligation of purchasing a ticket.    *Lake Erie & W. R. Co.* v. *Mayor*, 30 N. E., 1106 (Ind., April, 1892); *Hoffbauer* v. *D. & N. W. Ry. Co.*, 3 N. W., 121 (Delaware, October term, 1879).    And if he fails to pay his fare he may be properly ejected.    *G. S. & F. R. R. Co.* v. *Ashmore*, 15 S. E., 13 (Georgia, February term, 1892).

The other reason urged by appellee is that he offered to pay the conductors' rate.    The undisputed evidence, however, was

to the effect that the offer was to pay the rate only to the next station, and either to pay three cents or allow the conductor to buy him a ticket from that point forward.    He cannot complain of the refusal of his fare to the next station, since he was not ejected until he reached that point, nor was the conductor in anywise obligated to desert his other duties in order to serve, as lackey to the plaintiff, in attending to the purchase of his ticket from that point forward.    Appellant did not even have the right to have the train stop long enough for him to obtain a ticket.    *Atchison, etc., Railroad Co.* v. *Hogue*, 31 Pac., 698, second opinion (Kansas, December term), 1892.

Argued orally by *W. R. Woods*, for appellant.

WHITFIELD, J., delivered the opinion of the court.

The case should have gone to the jury.    A rule that baggage shall not be checked until a ticket has been procured is a reasonable regulation to prevent imposition upon the company. But a rule that a baggage master shall not receive into the baggage room baggage until a ticket shall have been procured, if there be such a rule, is an imposition upon the public, unreasonable and void.    It would require intending passengers to care for their own baggage in many situations that may readily be imagined where to do so would be entirely impracticable.    Every reasonable facility for travel should be afforded those who are intending passengers, and rules should be so framed as to be just in their provisions alike to the company and the traveling public.    As to the authority of the baggage master, see *Isaacson* v. *Railroad Co.*, 94 N. Y., 285, 286.

*Reversed and remanded.*