# CASES DETERMINED

AT THE

# August Term, 1899.

GOLDBERG and another, Appellants, vs. THE AHNAPEE & WESTERN RAILWAY COMPANY, Respondent.

*November 8 — November 24, 1899.*

*Railroads: Liability for baggage burned at depot: Reasonable time for checking: Court and jury: Evidence.*

1. A rule of a railway company prohibiting the checking of baggage earlier than thirty minutes before train time cannot be said, as matter of law, to allow an unreasonably short time for that purpose, and a passenger cannot, by earlier delivery without the consent of the carrier, impose upon it its liability as an insurer.

2. The facts that a train left at 6 a. m., and that a delivery of baggage to be carried thereon in the morning would be inconvenient and more expensive, are *held* insufficient to show, as matter of law, that a delivery twelve hours before the train was to leave was rendered reasonably necessary by the circumstances.

3. In an action to recover for baggage destroyed by fire while in the depot of a railway company, the admission, against objection, of testimony that a delivery of the baggage on the evening before it was to be transported was of no advantage to the company is *held* not prejudicial to plaintiff, where he knew that the agent was prohibited from checking baggage until within half an hour of train time.

4. Parol proof of the substance of a rule printed on a card and tacked up in the depot was not prejudicial to plaintiff, who had knowledge of the rule.

5. Parol testimony as to the contents of such card was admissible, upon proof that it had been destroyed in the burning of the depot.

VOL. 105 — 1

APPEAL from a judgment of the circuit court for Door county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

One of the plaintiffs, a traveling man, sent his trunks, containing merchandise and not baggage, to the station of the defendant railway company at about 5 o'clock on the evening of January 27, 1897, intending to check them as baggage the next morning on a train leaving about 6 o'clock. During the night they were destroyed by fire, without fault or negligence of the defendant. Suit was brought for their value, and verdict found for the defendant on instructions not excepted to, from judgment on which this appeal is brought.

Plaintiffs moved to set aside the verdict as against the evidence. There was evidence tending to show that the contents of the trunk were not properly baggage, but merchandise; that the plaintiff *Leopold Goldberg* sent the trunks to the station the night before because it would be inconvenient and more expensive in the morning; that they were delivered in the freight house by his drayman without the knowledge of the defendant or its station agent; that, though the trunks were noticed when the freight house was shut up in the evening, the agent had no knowledge of their ownership or the purposes for which they had been so left; that the rules of the defendant company prohibited the checking of baggage until a half hour before train time, which plaintiff knew. There was conflict as to some of the facts stated above, and as to other facts which it is unnecessary to mention.

For the appellants the cause was submitted on the brief of *Felker, Doe & Felker* and *Y. V. Dreutzer.*

For the respondent there was a brief by *Greene, Vroman, Fairchild, North & Parker,* and oral argument by *C. E. Vroman.*

DODGE, J.   1. The liability of a carrier for ordinary baggage while in its possession for carriage as such is very differ-

ent from the liability while the same articles are in storage with it.    In the first case it is an insurer; in the latter, liable only as a bailee for ordinary care.    The exact point at which the possession for carriage begins and ends is not easy to define, but it is not such as to exclude some reasonable time at stations before and after actual transportation.  After transportation the higher liability continues only for such time as is reasonably necessary to present duplicate checks and to remove the baggage.    *Hoeger v. C., M. & St. P. R. Co.* 63 Wis. 100.    No reason is apparent why the same rule should not apply to the delivery for transportation, so that the owner has the right to deliver at the station such time before starting of train as may be reasonably necessary for obtaining ticket, checking the baggage, etc., and that he cannot impose this extreme liability by earlier delivery without the consent of the carrier.    *Green v. M. & St. P. R. Co.* 38 Iowa, 100; *Goodbar v. Wabash R. Co.* 53 Mo. App. 434.    This defendant had, by a rule known to plaintiff, prescribed thirty minutes before train time as such reasonable time.    It certainly cannot be said, as matter of law, that such limit is unreasonable, nor that twelve hours is reasonable, or was rendered reasonably necessary by the circumstances.    The submission of that question to the jury was not an error of which plaintiff can complain.    As to whether defendant assented to such delivery, and accepted plaintiff's trunks for carriage as baggage, with knowledge of their contents, was a disputed question of fact, and a finding in the negative has abundant support in the evidence.

2. The overruling of the objection to the testimony of defendant's agent, Reitzel, that there was no advantage to the company in having the trunks delivered the night before, was without prejudice; for it appeared by plaintiff's own testimony that the agent was prohibited from checking baggage until half an hour before train time, and that the convenience of the company obviously could not be enhanced by delivery of baggage earlier than that time.

3. Parol proof of the substance of the rules, printed on a card and tacked up in the depot, prohibiting checking until within half an hour of train time, could not have prejudiced plaintiff, for he testified that he had knowledge of such a rule. Further, any objection to parol testimony as to the contents of such card was obviated by proof that it had been destroyed in the burning of the station.

We find no reversible error in the record.

*By the Court.*— Judgment affirmed.