TALLMAN, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*October 22—November 10, 1908.*

*Railroads: Loss of passenger's baggage: When liability as carrier ceases: Reasonable time for removal.*

1. What constitutes a reasonable time for the removal of baggage, after which the carrier ceases to be liable as such for its loss, depends upon the facts and circumstances of each particular case.

Tallman v. Chicago, M. & St. P. R. Co. 136 Wis. 648.

2. Plaintiff arrived at Janesville at about 5 p. m. on Sunday. His valise, which had been checked and had come on the same train, was too heavy for him to carry, and there were no conveyances at the station. He gave his duplicate check to defendant's baggage master and said that he would send for the valise that evening or the next morning. The baggage master removed the check from the valise and placed it in the baggage room. It would have been very inconvenient for plaintiff to call for the valise that evening, even if he could have secured a conveyance. He sent for it at about 8:30 or 9 o'clock the next morning, at which time certain articles which had been in the valise were missing. *Held*, that the baggage had been called for within a reasonable time, so that defendant had not ceased to be liable as a common carrier. *Minor v. C. & N. W. R. Co.* 19 Wis. 40; *Hæger v. C., M. & St. P. R. Co.* 63 Wis. 100; and *Goldberg v. A. & W. R. Co.* 105 Wis. 1, distinguished.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This action was commenced in justice's court and the plaintiff recovered judgment. It was tried on appeal in the circuit court by the court, a jury having been waived. Plaintiff claims damages for loss of baggage checked from Edgerton to Janesville, Wisconsin. The circuit court found that defendant was liable as a common carrier for the loss of articles mentioned in the complaint, and that plaintiff was entitled to recover $89.29, the value thereof, with interest and costs. Judgment was entered accordingly, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *Chas. E. Vroman* and *Thos. S. Nolan,* and for the respondent on that of *Claude J. Hendricks.*

Counsel for appellant cited *Mote v. C. & N. W. R. Co.* 27 Iowa, 22, 1 Am. Rep. 212; *Kansas City, Ft. S. & M. R. Co. v. Patten,* 3 Kan. App. 338, 45 Pac. 108; *Nealand v. B. & M. R. Co.* 161 Mass. 67; *Powell v. Myers,* 26 Wend. 591; *Burnell v. N. Y. Cent. R. Co.* 45 N. Y. 184, 6 Am. Rep. 61; *Roth v. B. & S. L. R. Co.* 34 N. Y. 548; *George F. Ditman B. & S. Co. v. K. & W. R. Co.* 91 Iowa, 416; *Chicago, R. I. &*

*P. R. Co. v. Boyce,* 73 Ill. 510, 24 Am. Rep. 268; *Ouimit v. Henshaw,* 35 Vt. 605, 84 Am. Dec. 646; *Jacobs v. Tutt,* 33 Fed. 412; *Texas & Pac. R. Co. v. Capps,* 2 Tex. Ct. App. 35, 16 Am. & Eng. R. Cas. 120; *Jones v. Norwich & N. Y. T. Co.* 50 Barb. 193; *Matteson v. N. Y. Cent. & H. R. R. Co.* 76 N. Y. 381; *Hæger v. C., M. & St. P. R. Co.* 63 Wis. 100; *Chesapeake & O. R. Co. v. Beasley,* 104 Va. 788, 52 S. E. 566; Angell, Carriers, § 114; Pierce, Railroads, 499; Hutchinson, Carriers, secs. 707–710; 2 Fetter, Carriers, § 614; *Mortland v. Phil. & R. R. Co.* 30 N. Y. Supp. 1021; *Graves v. Fitchburg R. Co.* 51 N. Y. Supp. 636; *Wiegand v. Cent. R. Co.* 75 Fed. 370; *Goldberg v. A. & W. R. Co.* 105 Wis. 1; *Minor v. C. & N. W. R. Co.* 19 Wis. 40.

For the respondent it was argued, among other things, that, without reference to the question of reasonable time, the liability of the defendant as an insurer was continued by reason of the arrangement made by the plaintiff for the care of his baggage by the defendant. *Curtis v. A., G. & Mt. M. R. Co.* 49 Barb. 148; *Dininny v. N. Y. & N. H. R. Co.* 49 N. Y. 546; *Matteson v. N. Y. Cent. & H. R. R. Co.* 76 N. Y. 381; *Ouimit v. Henshaw,* 35 Vt. 605, 84 Am. Dec. 646; *Powell v. Myers,* 26 Wend. 591; *Burgevin v. N. Y. Cent. & H. R. R. Co.* 23 N. Y. Supp. 415. Under the circumstances of the present case a reasonable time had not elapsed between the time of plaintiff's arrival and the time at which he sent for the baggage, so as to terminate the strict liability of the defendant as an insurer. *Burgevin v. N. Y. Cent. & H. R. R. Co.* 23 N. Y. Supp. 415; *Kansas City, Ft. S. & M. R. Co. v. Patten,* 3 Kan. App. 338, 45 Pac. 108.

KERWIN, J.    The question involved is whether the liability of the defendant as common carrier continued until the time of the delivery of the telescope or grip in question to plaintiff's teamster on the morning of June 25, 1906.    It appears from the established facts that the plaintiff checked

his grip at Edgerton on Sunday, June 24th, and took passage on the same train to Janesville, and arrived at the latter place shortly after 5 p. m.; that the telescope or grip was too heavy for plaintiff to carry, besides he had other baggage; that there were no conveyances at the station; that the telescope was in good condition when it arrived at Janesville, and that plaintiff saw the baggage master, handed him the duplicate check, and told him to keep it until he sent for it, and that he would send for it that evening or the next morning; that the baggage master took the check to enable him to "make up his books," and placed the baggage in the baggage room of defendant, removed the duplicate check from the telescope, matched it with the duplicate handed him, and put them on a strap as is usual. The baggage master on the evening in question left for home between 5:20 and 6 o'clock, which is the custom on Sunday, and the baggage room was left in charge of the flagman. Soon after 9 o'clock the flagman left for home, and when he left he either locked the door or the defendant's call boy was there. There is evidence that at times the door of the baggage room was left unlocked when no one was in, and that the night man left it open at times when he went some distance from the room. It also appears that plaintiff looked about for a conveyance to convey his grip to his home, but could find none, and that hacks and drays did not meet Sunday trains; that plaintiff arranged with the baggage master to leave his baggage until the following morning, and this was customary where the baggage master was known to the owner of the baggage as in this case. Other facts and circumstances appear in the record going to show that it was very inconvenient for plaintiff to call for his baggage that evening, even if he could have secured a conveyance to remove it. It is also established by the findings and the evidence that the telescope or grip contained a large number of valuable articles; that on the following Monday morning about 8:30 or 9 o'clock plaintiff sent

a conveyance for his baggage, and when it was delivered certain articles were missing of the value of $89.29; and that when said telescope was delivered to the defendant at Edgerton it was properly and securely fastened and contained the missing articles.    •

So it appears from the established facts that the question for determination is whether or not plaintiff neglected to call for his baggage within a reasonable time after its arrival at Janesville and thus relieved the defendant from liability as a common carrier. The court below gave judgment for plaintiff on the theory that such liability continued. The appellant, on the other hand, insists that an unreasonable time elapsed from the time of arrival of the baggage until it was called for by plaintiff, and that after the deposit of the telescope in the defendant's baggage room its duty as common carrier ceased and it became liable as warehouseman only.

The appellant relies upon *Minor v. C. & N. W. R. Co.* 19 Wis. 40; *Hæger v. C., M. & St. P. R. Co.* 63 Wis. 100, 23 N. W. 435, and *Goldberg v. A. & W. R. Co.* 105 Wis. 1, 80 N. W. 920. These cases, we think, are not controlling. In *Minor v. C. & N. W. R. Co., supra,* the plaintiff carried her own baggage, and after arriving at her destination left the train with her baggage, which had been under her exclusive control since the time of taking passage, and placed such baggage with the baggage master at defendant's depot to be kept until sent for, and it was held that defendant was not liable as a common carrier, but only in case of gross negligence, the bailment being gratuitous. In *Hæger v. C., M. & St. P. R. Co., supra,* a traveling agent on Saturday afternoon engaged defendant to transport plaintiff's sample trunks as baggage from Red Wing to Hastings, Minnesota, and received the regular checks therefor, and took passage upon the same train upon which the trunks were carried. The trunks were placed in the baggage car and arrived at Hastings between 8 and 9 o'clock the evening of the day they were shipped, and

remained upon the platform a sufficient time for removal by plaintiff's agent who shipped them, and were thereafter placed in the baggage room and remained there until about 3 o'clock the following Monday morning, when the depot building, together with the trunks, were destroyed by fire not happening by negligence of defendant. The agent did not stop at Hastings and made no arrangement about the trunks, but went to Minneapolis, Minnesota, on the same train, and returned to Hastings between 1 and 2 p. m. Sunday following, went to the hotel, and did not call for the trunks until after the fire. Upon arrival of the trunks at Hastings there were conveyances ready to carry them to the hotel. In *Goldberg v. A. & W. R. Co., supra,* the baggage was delivered at the depot on the evening of January 27th about 5 p. m., the plaintiff intending to check it the following morning. During the night and before it was checked it was destroyed by fire without negligence on the part of defendant. So it will be seen that the foregoing Wisconsin cases are clearly distinguishable from the one before us. Several cases from other jurisdictions are cited and relied upon by counsel for appellant, but an examination of them discloses that they turn generally upon the question as to whether the time the baggage was allowed to remain before being called for was reasonable.

The court below found that the baggage was called for within a reasonable time, hence the defendant was liable. It is well settled that what constitutes a reasonable time depends upon the facts and circumstances of each particular case. *George F. Ditman B. & S. Co. v. K. & W. R. Co.* 91 Iowa, 416, 59 N. W. 257; *Chesapeake & O. R. Co. v. Beasley, C. & Co.* 104 Va. 788, 52 S. E. 566; *Matteson v. N. Y. C. & H. R. R. Co.* 76 N. Y. 381; *Dininny v. N. Y. & N. H. R. Co.* 49 N. Y. 546; *Jones v. Norwich & N. Y. T. Co.* 50 Barb. 193; *Wiegand v. Central R. Co.* 75 Fed. 370; *Powell v. Myers,* 26 Wend. 591. The facts in the case at bar dis-

Tallman v. Chicago, M. & St. P. R. Co. 136 Wis. 648.

tinguish it generally from those cited by appellant from other states as well as this state, and bring it in line with many cases holding that the time which elapsed after arrival and before being called for was reasonable.   In the case before us upon the established facts we cannot say the finding that defendant's liability as common carrier was continued until the baggage was called for was wrong, and therefore the court below was not in error in holding the defendant liable.   The following cases, among many others which might be cited, support the ruling of the court below: *Curtis v. A., G. & M. M. R. Co.* 49 Barb. 148; *Burgevin v. N. Y. C. & H. R. R. Co.* 69 Hun, 479, 23 N. Y. Supp. 415; *George F. Ditman B. & S. Co. v. K. & W. R. Co.* 91 Iowa, 416, 59 N. W. 257; *Powell v. Myers,* 26 Wend. 591.

We are constrained to the opinion that the judgment of the lower court was right and should be affirmed.

*By the Court.*—The judgment below is affirmed.