7549

### CONE v. SOUTHERN RY.

1. CARRIER—BAGGAGE.—Under the evidence here the Court cannot say as matter of law that the carrier is not liable for baggage checked for another than the owner left on the station premises where the drayman was accustomed under instruction of the carrier to leave baggage, without notice to carrier's agent, on the evening before the owner desired to embark as a passenger the following morning.

2. IBID.—IBID.—WAREHOUSEMAN.—Leaving the baggage unguarded and

checking it for another is some evidence of making the carrier liable as warehouseman.

3. IBID.—IBID.—CONTRIBUTORY NEGLIGENCE.—There is no conclusive evidence of contributory negligence on part of plaintiff in leaving the trunk in the accustomed place for the night.

4. IBID.—IBID.—Under proof tending to show very little of value was returned with the broken trunk and that plaintiff received it on condition of no value, it was proper to refuse to charge that jury could not give any damages for the articles returned, nor was it error to refuse new trial unless plaintiff should remit value of articles delivered to him, the verdict being less than amount claimed.

5. IBID.—IBID.—DAMAGES to one article of a suit is not special damages when the whole suit was in the possession of the carrier.

Before W. H. HUNT, Special Judge, Spartanburg, July Term, 1909. Affirmed.

Action by P. D. Cone against Southern Railway Company. From judgment for plaintiff, defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *There was no delivery to defendant as a common carrier:* 6 Cyc., 412; 70 S. C., 329; 76 Am. St. R., 899. *Nor as a warehouseman:* 5 Cyc., 165; 6 Cyc., 412. *Nor was there constructive delivery:* 1 Hutch. on Carriers, sections 112, 118, 115. *Injury to special articles is special damages:* 74 S. C., 286; 3 Strob., 375; 31 S. C., 52; 65 S. C., 506; 82 S. C., 464.

*Messrs. Wilson & Osborne,* contra, cite: *Generally:* 1 Hutch. on Cor., section 116; 2 Ency., 770; 70 S. C., 338.

April 18, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The plaintiff recovered judgment against defendant for the value of a trunk and its contents alleged to have been lost through the negligence of the defendant, after receiving the same to be transported as plaintiff's baggage.

34—85

The main question presented by the appeal of defendant is whether there was any testimony that the trunk was ever delivered to defendant either as a common carrier or as a warehouseman.

There was testimony that, about 8 o'clock P. M., October 3, 1907, plaintiff intending to become a passenger on defendant's train due to leave about two hours later, sent his trunk to the station at Spartanburg, S. C., by a drayman of the R. D. Blowers' Transfer Company.

A few minutes afterwards plaintiff concluded to take the morning train, as he understood the night train was more than an hour late, and telephoned to the drayman's place of business giving instruction to place the trunk in defendant's transfer room or baggage room. The drayman deposited the trunk under the shed in front of the defendant's baggage room, between the corner and the door of the building where there were other trunks, and where the Blowers' Transfer Company was accustomed to deliver baggage to the defendant and from which place defendant was accustomed to check baggage. Defendant's night baggage agent was then on duty, but it appears that the drayman said nothing to the agent with respect to this trunk. The next morning, when plaintiff went to the station to have the trunk checked, it could not be found. The answer, in alleging contributory negligence of plaintiff, stated that plaintiff negligently allowed the trunk to remain out under the shed exposed to persons, and that thereafter some one had the trunk checked, defendant believing the person who had the same checked to be the owner thereof. It was discovered that the trunk had been stolen.

On behalf of plaintiff there was testimony that the defendant company had charge of the trunk after it was deposited in the place which had been designated for the purpose, and on behalf of the defendant there was testimony that defendant did not take charge until the owner had the same checked for transportation as baggage, or deposited in the parcel

room kept for the storing of parcels, upon the payment of a small sum for storage for twenty-four hours. The drayman had no authority to place the trunk in the baggage room and had been previously ordered to put all baggage intended to be checked on the outside where it was deposited. There was no evidence that it was contrary to the rules of the defendant company to deposit baggage at the place named at night for checking as baggage on the morning train.

We think there was sufficient evidence of delivery to defendant as common carrier to require submission of that issue to the jury.

The general rule is that the liability of a carrier does not begin until delivery and acceptance of the goods, but it is not always necessary to show actual delivery and express acceptance, for there may be an implied or constructive delivery and acceptance, or the matter may be determined by the custom of the carrier.

4 Elliott on Railroads, section 1403, Hutchinson on Carriers, section 118: "The carrier may assent to the delivery of baggage at its station without notice to its agents; and this assent may be implied from its custom and course of business in allowing baggage to be deposited at its depots; but whether such delivery is to be regarded as binding the carrier is a question of fact for the jury to determine." 3 Ency. Law, 2d Ed., 563; *Merriman* v. *Hartford etc. R. R. Co.,* 20 Conn., 354, 52 Am. Dec., 344; *Hickox* v. *Naugatuck R. R. Company,* 31 Conn., 281, 83 Am. Dec., 143.

Such liability may arise before the purchase of a ticket or demand for check to one intending to become a passenger, who has his baggage placed at the proper place on the station premises within a reasonable time before the departure of the train. *Lake Shore etc. R. R. Co.* v. *Foster,* 104 Ind., 293, 64 Am. Rep., 319; *Coffee* v. *Louisville etc. R. R. Co.,* 76 Miss., 569, 71 Am. St. Rep., 535.

It cannot be said, as matter of law, under the circumstances of this case, that the trunk was deposited at the bag-

gage room and checking place an unreasonable time before the departure of the train. *Goldberg* v. *Ahnopee etc. Ry. Co.,* 105 Wis., 1, 76 Am. St. Rep., 899, cited by appellant. What is such reasonable time is generally a question for the jury.

Moreover, the alleged fact that defendant so far received the trunk as baggage as to check the same for the party stealing it that night, is some evidence of delivery to the defendant as carrier.

The foregoing views render it unnecessary to consider whether defendant was liable as warehouseman, and whether there was evidence of its negligence in that regard.

We may say, however, that if the liability of the defendant should be held to be as warehouseman, there was some evidence of its negligence in leaving the baggage exposed, unguarded, and in checking the trunk for the party stealing it.

There was no conclusive evidence of contributory negligence on the part of defendant in placing the trunk at the acustomed place and leaving it there for the night. If it be true, as alleged, that defendant checked the trunk from the accustomed place, and thereby put it in the power of the thief to appropriate it, the defendant's own act, although inadvertently or ignorantly done, must have been considered by the jury in determining the proximate cause of plaintiff's loss.

Defendant requested the Court to charge the jury: 9. "If the jury should find that the railroad company is responsible for the loss of plaintiff's baggage, they are instructed that they cannot give any damages for the part of plaintiff's baggage which was returned to him, as this action is brought for the loss of such baggage, and not for any damage or injury done thereto by deterioration, etc."

The refusal of the Court to charge as requested is assigned as error. The testimony was to the effect that the trunk and

some of its contents were recovered some six weeks after the theft, and delivered to plaintiff.

The plaintiff testified that he received the trunk and contents on condition of no value on them. Plaintiff testified that the trunk itself was damaged, that a number of the articles therein were missing, that the remainder of the contents, with the exception of a few articles of small value, were so damaged as to be worthless to him. In view of such testimony the charge was properly refused.

Nor can we say there was error of law in refusing the motion for new trial, made on the ground that plaintiff should remit from the verdict the value of the articles recovered and delivered to plaintiff.

The general damages claimed in the complaint, the value of the trunk and contents consisting of wearing apparel, pictures, papers, etc., amounted to $323.50, and we cannot say the verdict for $250.00 was without any support in the testimony.

The damages resulting from depreciation of a suit of clothing by the loss of or damage to one article of the suit, is not special damages when the whole suit was in possession of the carrier. *Hartzburg* v. *Southern Ry.*, 65 S. C., 541, 44 S. E., 75; *Sonneborn* v. *Southern Ry.*, 65 S. C., 502, 44 S. E., 77.

The judgment of the Circuit Court is affirmed.